Gaston, J.
 

 The objection, takén on the trial to the derivation of title on the part of the plaintiff, is because of a supposed discrepency between the' execution, recited in the Coroner’s deed, and the execution, under which the Coroner made the levy and sale. This objection presupposes and admits, that the officer had a valid authority to sell, but insists that his deed was invalid to convey the land sold, because in the deed his authority was inaccurately recited. The question presented by this objection, is- not with us an open question. . The objection was deliberately considered by this Court, in the case of
 
 Den on dem. Hatton
 
 v.
 
 Dew, 3
 
 Mur. 260, and overruled. His Honor, therefore,- properly overruled it in this case.
 

 But upon a comparison of the execution' recited in the' deed, with that under which the' officer sold, as they are both set forth in the transcript, the alleged discrepency will be' found not to exist.- The execution under which the officer sold, is tested the 5th Monday after the 4th Monday of September, in the year of our Lord, 1833, and in the 57th year of our independence, and is made returnable to the term of said Court, to be held on the 5th Monday after the 4th Monday of March next.
 
 This,
 
 it is said, must be the 5th Mom-day after the 4th Monday of March, 1834, whereas, the' Coroner’s deed recites the execution as returnable on the 5th Monday after the 4th Monday of March, 1833. But it is manifest that there is a clerical misprision in the date of the
 
 *440
 
 executiqp, with respect to the year of the
 
 Christian era.—
 
 This appears not only from the year of independence thereunto subjoined, but from the indorsation of the Clerk, that the execution actually issued on the 5th day of February, 1833, and of the Coroner, that it was levied on the 21st of February, 1833. The cases of
 
 Goodman
 
 v. Armistead, 4 Hawks, 19, and
 
 Dowell
 
 v.
 
 Vannoy,
 
 3 Dev. 43, are authorities to shew that such a misprision will be corrected by these
 
 indicia
 
 of truth. Thus corrected, the execution is tested of the Fall Term, 1832, and the deed truly represents it as returnable to the Spring Term, 1833.
 

 Per Curiam, Judgment affirmed.