No. 20.—John B. Saunders, plaintiff in error, *vs.* John T. Smith, administrator *de bonis non cum testamento annexo* of George G. Gaines, deceased, defendant in error.

[1.] The Supreme Court will not review judgments and decrees rendered by the Superior Courts in this State, for alleged error committed prior to the organization of the Supreme Court.

[2.] Where a bill is filed against an executor, charging him with having *wasted* the trust funds in his hands, a decree may be rendered against him individually.

[3.] According to the rule of equity practice in this State, the decree need not recite the pleadings and proofs in the cause, as in England.

[4.] A decree in an equity cause, for a specific sum of money, under the 13th rule of equity practice established by the judges in convention, under the authority of the act of 1821, may be enforced by a *capias ad satisfaciendum* against the defendant.

[5.] A *capias ad satisfaciendum* may be amended so as to conform to the judgment or decree of the court, where there is a variance in the amount, and also to the time of its return; as when, by mistake, it is made returnable on the third Monday in December, 1838, when it should have been made returnable on the second Monday in December, 1838.

[6.] This Court will not interfere with the discretion of the Court below, in the allowing or disallowing amendments of process, except in flagrant cases of the abuse of such discretion.

[7.] Notice is not *indispensably* necessary to be given of a motion, to the court, to establish copies of office papers alleged to be lost or destroyed, under the 20th rule of practice established by the judges in convention, under the authority of the act of 1821.

In Equity.   Decatur Superior Court.   June Term, 1847.   Before Judge WARREN.

John B. Saunders, the plaintiff in error, as qualified and acting executor of said George G. Gaines, having been removed from the executorship, and administration *de bonis non* on said estate, with the will annexed, having been granted to Smith, the defendant in error, he instituted suit in equity in said Superior Court, against Saunders, for the assets which had come to his hands ; which resulted in a finding and decree against Saunders for the sum of $8221 22 principal, with costs.   This decree was rendered in June, 1838.

Afterwards, at June Term, 1845, of the Court below, the original papers in said cause having been lost or destroyed, copies were established in lieu thereof, under the 20th rule of practice established by the judges in convention.   Afterwards, at June Term, 1846, of the Court below, it being ascertained that an error was committed in the established copies of the finding and decree, as to the amount thereof, an amendment was allowed, so as to represent the above specified amount as the sum found and decreed.

A *capias ad satisfaciendum* was issued from said decree, against the body of said Saunders, and upon which he was arrested.   The *ca. sa.* was made returnable to the *third* Monday in December, 1838, when it should have been made returnable to the *second* Monday in December of that year.

Afterwards, at June Term, 1847, of the Court below, the counsel for Saunders moved to set aside the decree upon the following grounds:

1st.  Because the said Saunders was not liable to be sued, or to any recovery against him, by the defendant in error as administrator *de bonis non.*

2d.  Because the recovery was against him individually, when it should have been against him as executor, for the amount of assets or property which he had in his hands as such.

3d.  Because said decree does not recite the allegations of the bill and answer, or the proofs submitted upon the trial ; and is in other respects wholly informal, deficient and irregular, as a decree.

4th.  Because the recovery exceeds the amount sued for and

charged by the complainant in the bill, as appears on the face of said bill, and that the findings of the jury, and the said decree, is not authorized by the allegations in the bill.

And also to set aside the *ca. sa.* on the following grounds:

1st. Because a decree in equity cannot be enforced against the person of the defendant by *capias ad satisfaciendum,* as at common law.

2d. Because said *ca. sa.* does not correspond in date or amount with the record of said decree.

3d. Because the *ca. sa.* is returnable on the *third* Monday in December, 1838, when said Court was holden on the *second* Monday in said month and year, the time fixed by law for holding said Court; and that said *ca. sa.* is in other respects irregular and void.

And also to set aside the orders of the Court below establishing copies of the bill, answer, exhibits, finding and decree, and allowing the said finding and decree to be amended as to the amount, &c., on the following grounds:

1st. Because neither the said Saunders nor his counsel had notice of said several orders.

2d. Because there was no proof submitted to the Court below when the order was obtained, that the copy of the bill, answer, exhibits, verdict and decree, admitted to record, was a true copy of the originals, nor was the loss or absence of the originals accounted for.

3d. Because the *ca. sa.* having been executed by the arrest of Saunders, and returned with the entry of the sheriff to that effect, was *functus officio,* and was not subject to amendment.

After argument, the Court below overruled the aforesaid several grounds to set aside the decree, the *ca. sa.,* and the several orders referred to. To which decision of the Court below the counsel for Saunders excepted.

The counsel for the defendant in error, then moved to amend the *ca. sa.,* so as to make the same returnable to the second Monday in December, 1838, which was allowed; and the counsel for Saunders excepted.

Upon these several grounds the error complained of is assigned.

E. WARREN & J. B. HINES, for the plaintiff in error, in support of the grounds to set aside the decree cited, 1 *Kelly R.* 80; 2 *Dan. Ch. Prac.* 386; *ib.* 398.

In support of the grounds taken to set aside the *ca. sa.* they

Saunders *vs.* Smith, adm'r.

cited, 2 *Dan. Ch. Pr.* 232 ; 13 *Eq. Rule* ; 3 *Johns. R.* 525 ; 2 *Conn. R.* 402 ; 3 *McCord R.* 142 ; 1 *Har.* & *John. R.* 8 ; 2 *Tidd Prac.* 998, 1027 ; 6 *J. J. Marshall R.* 514.

In support of the grounds to set aside the several orders referred to, they cited, 3 *Dan. Ch. Prac.* 400 ; 3 *Edw. Ch. R.* 478 ; 7 *Paige R.* 382.

S. T. BAILEY and SULLIVAN & MOORE for the defendant in error.

As to the authority for establishing the copy papers, we refer to the 20th Common Law Rule of court—*Hotch.* 949. It is the act of the court, performing the duty of keeping its files and records · complete. No one is entitled to special notice—all are bound to take notice. If the court establishes by mistake an incorrect copy, any one may show it, but no one has a right to claim the privilege of opening the record because he was not called upon to assist the court in the discharge of its duty. *Davis* vs. *Barker*, 1 *Kelly R.* 562.

As to the error in the *ca. sa.*, it is no business of the plaintiff in error ; he cannot be affected injuriously by it ; it is in final process ; his day in Court was passed at the time of the issuing of the *ca. sa.* Had it been in mesne process he could have taken advantage of it, for it would have called him to answer at an improper time.

Bacon, and other elementary writers, lay it down that " a *ca. sa.* may be taken out returnable the term next but one after the test ; for the intervening term makes no discontinuance, (as it it would on mesne process,) it not being necessary that the defendant (as in mesne process) should have a day in court, for his cause is at an end and he must lie in prison whether the writ be returned or not." 3 *Bacon Abr.* 688 ; 2 *Salk. R.* 700 ; 2 *Ld. Raym. R.* 775 ; 7 *Mod. R.* 29.

Again, Bacon lays it down that all final processes are good though never returned—as the plaintiff gets the effect of his suit, and no more is to be done on his part ; and hence they are called the end of the law. 3 *Bacon* 687.

But it is proper that process should be correct, hence a *fi. fa.* or a · *ca. sa.* may be amended in the return. 1 *Com. Dig.* 582, 570 note ; 2 *Arch. Pr.* 279 ; 2 *Bl. R.* 836 ; 2 *Bos.* & *Pull. R.* 336 ; 5 *Taunt. R.* 322. In the sum recovered by the judgment, 2 *T. R.* 737 ; 6 *id.* 450, even after they have been executed, *id. ;* 3 *T. R.* 657 ; 1 *H. Bl. R.* 541 ; 2 *Wm. Bl. R.* 694.

Saunders *vs.* Smith, adm'r.

The objection that a *ca. sa.* could not legally issue in equity, is settled by the 13th equity rule, *Hotchkiss* 955. The words of the Rule are, " When a case in equity shall be tried by a jury who shall render a verdict for a specific sum, a decree shall be entered for such sum, and *such* execution may be issued thereon as if the cause had been decided at common law." *Such* execution is equivalent to *any* execution. Had the term been " a *fi. fa.* may issue," we should then have been driven to look to the statute for authority to issue either a *ca. sa.* or *fi. fa.* on all verdicts for money. The use of a common law process in equity, for the recovery of money, is no novelty. They have a similar rule in the English chancery, where they have no jury.

I will not consume the time of the Court in arguing that the Court below was right in refusing to go behind the verdict and decree in the record, to decide on such a motion whether that verdict and decree were right or wrong ; nor will I seek to convince this Court that it would be a novelty in jurisprudence to convert a summary motion like this into a bill of review.

Looking to the record and law of this case without the *ca. sa.,* this Court would be perplexed to conceive why Saunders moves such a proceeding at this late day. But on inspecting the entry on the *ca. sa.,* the Court at once perceives what direction Saunders has taken, and also whose interest is deeply involved in and at war with, that process.

Amendments are always in the discretion of the court ; any process may be amended.—*McIntire* vs. *Rowan*, 3 *Johns. R.* 144. And amendments will be made if the mistake or omission is made by an officer of the court.—*Close* vs. *Gillespy*, 3 *Johns. R.* 526. And the amendment may be made on motion.—*Seaman* vs. *Drake*, 1 *Caines Ca.* 9.

*By the Court.*—Warner J. delivering the opinion.

There was a motion made in the Court below to set aside the decree made in this cause by the Superior Court of Decatur County, in June 1838, on several grounds.

First, Because the defendant was not liable to be sued, or [1.] recovery had against him, by the defendant in error as administrator *de bonis non*.

The answer to this objection is, that the decree of which the plaintiff in error complains, was rendered long *anterior* to the or-

ganization of this Court; and if we were to take upon ourselves the task to correct all the errors which might be supposed to exist in the various judgments and decrees rendered in the several superior Courts, prior to the organization of this Court, there would be no end to litigation, and nobody's rights would be considered settled by such judgments and decrees, made by courts of competent jurisdiction and the final arbiters of the rights of parties in this State at the time when made.

Although we may be of the opinion there was error in that decree, yet, having been made before the organization of this Court, we do not consider it would be proper now to correct or interfere with it.

[2.] The second ground of error alleged, is, that the decree was rendered against the defendant in his *individual* capacity, and not against the assets in his hands as executor.

This suit was not instituted on a *contract* made by the defendant's testator, but was a bill filed against him to account for the trust funds which had come into his hands, and which he is charged to have *wasted ;* and we think the decree was properly rendered against him individually, as was ruled by this Court, in *Bryant Guardian &c.* vs. *Owen & Wife,* 1 *Kelly R.* 368.

[3.] The third ground of error is, that the decree does not recite the allegations of the bill and answer, or the proofs submitted on the trial, &c., as required by the English chancery practice.

Under the authority given to the judges of the Superior Courts in convention, to establish uniform rules of practice, by the act of 1821, the 13th equity rule declares, "When a case in equity shall be tried by a jury, who shall render a verdict for a specific sum, a decree shall be entered for such a sum, and such execution may be issued thereon as if the case had been decided at common law"—*Hotchkiss* 955. As equity causes are tried by a jury in this State, and the evidence is not confined to depositions taken in writing, as in England, it has never been the practice of our courts to recite the evidence in the decree. Besides, the bill and answer are required to be recorded, together with all the proceedings in the cause, including the decree ; and the evidence on the trial must necessarily be confined to the particular matter controverted by the replication, as provided by the 5th Equity Rule of practice. No good reason therefore occurs to us, why the practice which has heretofore prevailed in this State, should be disturbed, and the English practice adopted.

The fourth ground of error is, that the recovery exceeds the amount sued for and the finding of the jury, and the decree is not authorized by the allegations in the bill.

We think there is as little foundation for this ground of error, as for several others which have been taken, from an inspection of the record. The original verdict was for $8221 22, the copy established is for $8221 20—two cents less than the original verdict—but this was subsequently amended by an order of the Court for that purpose.

It appears from the record that a *ca. sa.* issued against the [4.] defendant on the verdict of the jury, and a motion was made to set it aside, on the ground, that a decree in equity cannot be enforced against the person of a defendant by a *ca. sa.*, as at common law. We think the 13th Equity Rule of practice before cited, settles this question. That rule declares "*such execution* may be issued on the verdict, as if the case had been decided at common law."

A motion was also made to set the *ca. sa.* aside on the ground [5.] it did not correspond in date or amount, with the record of the decree, and because it was made returnable on the third Monday in December, 1838, when the Court was held on the second Monday in December, 1838.

The Court ordered the *ca. sa.* to be amended in both particulars, which is also assigned for error.

We are of the opinion the Court below did not err in its judgment, in permitting the amendment. *See Shaw* vs. *Maxwell,* 6 *T. R.* 450; *Evans* vs. *Rogers,* 1 *Kelly R.* 467, and cases there cited. We do not intend to be understood as saying, that where a *vested right* may have been acquired by *third persons* under process, such process may be amended so as to defeat or prejudice such rights. To induce this Court to interfere with the discretion of [6.] the Court below, in allowing or refusing amendments of process, there must be, in our judgment, a flagrant abuse of such discretion, which, to our minds, does not by any means exist in this case.

It also appears, that the original papers in this case had [7.] been lost or destroyed, and a motion was made to establish them under the 20th rule of practice. *Hotchkiss,* 949. This rule declares, "Upon the loss of any original declaration, plea, bill of indictment, or *other office papers*, a copy of the same shall be established *instanter*."

The objections urged are, that the adverse party had no notice

of the order to establish the lost papers, and that there was no proof submitted to the Court below, that the copy sought to be established was a *true* copy, &c.

We are of the opinion, that *notice*, to establish *office papers* which are lost or destroyed, under the rule, is not indispensably necessary; it is the business, as well as the duty of the court, to guard and protect the rights of both parties in the keeping and establishment of its own records—nor can we presume that the, Court below did not have satisfactory evidence before it of the loss of the office papers, and that the copies sought to be established were true copies of the lost originals, before it passed the order to establish the same. It however appears from the order itself, that it was an *exemplification* of the original lost record, that the Court ordered to be established, which afforded the most satisfactory evidence of its authenticity.

The judgment of this Court is, that there is no error in the record, and that the judgment of the Court below be affirmed.

Judgment affirmed.