## W. M. PERKINS & CO. *v.* W. W. WOODFOLK.

1. VENDITIONI EXPONAS. *Error in teste. Practice in Supreme Court.* An error merely clerical in the *teste* of process will not vitiate, as where a *venditioni exponas* issued from this court bearing *teste* first Monday of December, 1875, instead of first Monday of January, 1876, especially after a sale has been made. Such errors upon application will be remedied.

2. JUDICIAL NOTICE. *Change of term time.* This court will take judicial notice of the death of one of its clerks and appointment of another, as well as a change in the time of meeting by the Legislature.

FROM JACKSON.

Motion in Supreme Court to correct *venditioni exponas.*

W. F. COOPER and THOMAS H. MALONE for complainants.

CAMPBELL, GUILD and SMITH for defendant.

McFARLAND, J., delivered the opinion of the court.

On the 13th of October, 1875, an execution from this court was, by the sheriff of Jackson county, levied on certain land of the defendant. The execution was in pursuance of a judgment of this court rendered in favor of the plaintiffs on the 10th of May, 1875. It was returned without a sale. On the 20th of January, 1876, during the present term of our court, a *venditioni exponas* issued to the sheriff of Jackson county, which has been returned, showing that after due advertisement and notice, the land was sold on the 14th of March, 1876, and purchased by B. A. Sheppard and S. M. Swanson.

It now appears that the *venditioni exponas* above referred to issued on the 20th of January last, was erroneously vested. It bears *teste* the first Monday of December, 1875, and is signed by W. M. Fleming, clerk, whereas the first day of the term preceding its issuance was the first Monday of January, 1876, and on the day of the issuance of the *venditioni exponas* J. B. Childress was appointed and qualified as clerk of this court. An application is now made in behalf of the purchasers, who are the beneficial owners of the judgment, either to correct these or supposed errors in the process, so as to remove doubts that might otherwise arise as to the title, or that the process and proceedings thereunder be quashed and new process awarded. There can be no doubt that their motion, either in the one form or the other, should be allowed.

31—VOL. 8.

We think the errors were merely clerical and made by inadvertence.

The terms of this court formerly began the first Mondays of December. The last Legislature changed the terms to the first Mondays of January. The present is the first term held under the new law. The clerk in making out the process followed the old form.

By the death of F. C. Dunnington, former clerk of this court, within the last year, W. M. Fleming, his deputy, was left the acting clerk, and so continued until the appointment of J. B. Childress, as before stated. Since the beginning of the present term, and on the day the process in question was issued, since the appointment of Childress, Fleming has again been appointed and acting as deputy clerk. These facts, which we judicially recognize, fully account for the inadvertencies appearing upon the face of the process referred to, if indeed there was any material error at all. We think the process is not void, and even after the sale it is proper to direct the correction to be made. See Herman on Executions, p 55–6.