THE EAGLE AND PHENIX MANUFACTURING COMPANY, plaintiff in error, *vs.* JESSE J. BRADFORD, trustee, defendant in error.

1. When original pleadings, process, verdict and judgment are lost, a copy may be established, *instanter*, on motion.

2. That they were not recorded, or that the record cannot be found, is no reason for not establishing the copy.

3. The copy of an official transcript preserved in the office of the clerk of the supreme court, duly certified, is competent and sufficient evidence as to contents, etc.

4. With such high evidence, as a check upon fraud or mistake, the motion may be granted without notice to any one; and notice given to a claimant who is resisting a pending levy, made to satisfy the judgment, is neither aid nor obstacle to the motion.

Lost papers. Practice in the Superior Court. Records. Evidence. Before Judge CRAWFORD. Muscogee Superior Court. November Term, 1875.

During the November term, 1875, of the superior court of Muscogee county, Bradford, as trustee of the Howard Manufacturing Company, petitioned the court, in substance, as follows:

On February 5th, 1852, Van Leonard, as trustee for said company, commenced his action of covenant against the Water Lot Company of the city of Columbus, and at the November term, 1859, of the superior court, recovered a judgment against said defendant for $3,033 00, and costs. Van Leonard having died, petitioner has succeeded him as trustee.

The Eagle and Phenix Manufacturing Company *vs.* Bradford.

All of the original papers in the said case have been lost, but attached to the petition would be found a correct copy. The defendant has ceased to do business, and there is no one now in office upon whom service can be perfected. An execution, based upon the aforesaid judgment, has been levied upon certain water lots which have been claimed by John J. Grant and the Eagle and Phenix Manufacturing Company. Prayer that the copy of the proceedings had in the aforesaid case be established in lieu of the lost originals. The said claimants are the only persons interested in resisting the establishment of the said copy.

Claimants acknowledged service on the petition.

The Eagle and Phenix Manufacturing Company objected to the motion upon the following grounds:

1st. That a judgment can only be proved by the records of the court, and it is not alleged that the records of said court are lost or destroyed.

2d. That a judgment cannot be established *instanter* as against this defendant, it being no party thereto.

3d. That there is no such judgment upon any of the records of this court.

The evidence submitted to the court disclosed the fact that the original papers were lost; that, with the exception of the verdict rendered at the November, term, 1859, none of the proceedings appeared to have been recorded; that the case had been carried to the supreme court, and the copy proposed to be established was certified by the clerk to be a correct copy of the transcript of the record forwarded to that tribunal, and preserved in his office.

The petition was granted and the Eagle and Phenix Manufacturing Company excepted.

PEABODY & BRANNON; JAMES JOHNSON, for plaintiff in error.

R. J. MOSES; M. H. BLANDFORD, for defendant.

BLECKLEY, Judge.

1. The verdict was recorded on the minutes.  The original papers were all lost, and if they were ever recorded in the record of writs, etc., the book containing the record was lost also.   The originals were office papers, and being lost, were subject to be established, *instanter*, on motion : Code, section 3980.

2. The right to establish depends in nowise upon the previous recording or not recording of the papers, nor upon the preservation or loss of the record.   The original papers, whether recorded or not recorded, are office papers; and they are equally so after the loss of the record as before.   If they were recorded and the record preserved, there might be little or no use in establishing a copy, by the record or otherwise; but we cannot say that the right to establish, if for the purpose only of keeping the files of the court complete, would not exist.

3. The main case, after judgment was entered up for the plaintiff, was brought to this court by writ of error, and here the judgment was affirmed.   The transcript on which this court acted, duly certified, was preserved here in the files, according to law ; and on a copy of that transcript, certified by the clerk of this court, the court below acted in arriving at the contents of the lost papers; the same being entire, from the first word in the declaration to the last word in the judgment.   This evidence was both competent and sufficient.   It is not suggested that any better was attainable.

4. Notice of this motion was not given to the defendant in the judgment.   But notice has been held to be not absolutely necessary : 3 *Kelly*, 121.   In the absence of notice, great care should be taken, and very conclusive evidence required.   Such evidence as was had in this case could be fully trusted ; and with it, the danger of fraud or mistake was infinitesimal.   That the plaintiff in error, who, it seems, is the claimant of certain property which is under levy by virtue of the *fi. fa.* founded on the lost judgment, was served with notice, neither hin-

dered nor helped the proceeding.    The copy established simply stands in lieu of the lost originals, and any attack which could have been made upon them can be made upon it.

Judgment affirmed.