CASE 46—ORDINARY—DECEMBER 22.

# Goode's adm'r v. Miller, &c.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. An execution is not void because of an error committed by the clerk in fixing the return day.
2. If the execution defendant attempts to avoid the execution because of such a mistake, it is the duty of the court to direct the clerk to amend it to conform to the statute, and the lien created will still be retained.
3. The court having erroneously quashed an execution because of the mistake of the clerk in fixing the return day at less than thirty days, the clerk is not responsible to another defendant in the execution, a surety, for loss incurred thereby.

ROBERT BLAIN FOR APPELLANT.

Appellant was the surety of Helm in the execution quashed, upon the ground that the return day fixed by appellee as clerk was less than the time required by the statute. In consequence of its quashal appellant was compelled to pay the greater part of the judgment. It was the fault of appellee, and he should make. the loss good to appellant.

T. P. HILL, W. H. MILLER, AND S. S. MYERS FOR APPELLEE.

1. No breach of appellee Miller is alleged.
2. The execution against Helm and appellant was not void, but should have been amended. (Freeman on Executions, sec. 68; Wilson v.. Huston, 4 Bibb, 333; Gen. Stat., chap. 16, sec. 2; Commonwealth, &c., v. Thompson, 2 Bush, 559.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

In October, 1873, a judgment was rendered in the Lincoln Circuit Court in favor of Thomas McRoberts against Harvey Wilson, as principal, and L. D. Goode, as surety, for the sum of two thousand dollars, subject to certain credits indorsed.

The appellee Miller was, at the date of the judgment, the clerk of that court, and, as such, issued an execution on the judgment, returnable on the 18th of May, 1874, only twenty-seven days from the time it issued, and three days less.

than the time required by law for the return of executions
on such judgments—all like executions being returnable to
some rule day, not under thirty nor over seventy days from
the teste.    (See General Statutes, title "Executions," page
416.)    It is alleged by the appellant (plaintiff below) that, by
reason of the execution being made returnable in less than
thirty days, on motion of Wilson, the principal in the judg-
ment, the execution was quashed and the lien created, or the
levy made on his property was thereby released; that Wil-
son made an assignment, before another execution could
issue, for the benefit of his creditors, and the appellant, as
his surety, was compelled to pay a greater part of the judg-
ment, viz:. $674.    It is alleged that this loss to the appellant
(his principal being insolvent) resulted from the illegal and
wrongful act of the clerk in making the execution returnable
in less than thirty days.    A demurrer was sustained to this
complaint of the appellant, or that of his personal represent-
atives, and they appeal.

It is evident that Miller was under no obligation to issue
the execution at the instance of the surety in the debt or
judgment, nor had the latter any power or control over it;
but if a liability could arise on the part of the clerk to the
judgment debtor by reason of a neglect of duty in issuing
an execution on the judgment, we are satisfied no liability
exists by reason of the writ having been made returnable in
a less time than that fixed by the statute.

By the rule of the common law, executions were either
issued or made returnable in term time, but by our statutes
they were formerly returnable in not less than thirty nor
more than ninety days, and now seventy days is the limit
between the teste and return of the writ.    The rule of the
common law was regarded as directory only, and such has

been the ruling under the various statutes on the subject. It is the duty of the sheriff to levy the execution whether the return day is or not in accordance with the statute, and we do not well see why the defendant's motion to quash an execution for such an irregularity should be allowed to prevail. The sheriff may levy the execution the moment it reaches his hands, and cannot be compelled, at the instance of the debtor, to delay action until the return day expires, or to give any other indulgence. If the defendant should attempt to avoid the writ on such a ground, the court should direct the clerk to amend it so as to correspond with the statute, and the lien created by the levy, or by reason of its being in the officer's hands, would still be retained. The return day is really for the benefit of the plaintiff and not the defendant in the execution, and if the plaintiff should have an execution quashed by reason of an error committed as to the return day after a lien had been created, the effect would be to release the surety. The writ is not void, but has all the force and effect of a writ issued as directed by the statute. The lien will arise, and the levy can be made in the same manner as if no irregularity existed. The surety should not have permitted his principal to interfere, as, but for his action, the property levied on would have been sold and the debt paid.

The demurrer was properly sustained, and the judgment is therefore affirmed.

# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1880.