*In re* DAVIS.

GUNST *v.* DAVIS.

EXECUTION — BODY EXECUTION — RETURN DAY MAY BE AMENDED—
STATUTES.

The court has power to grant amendment of a body exe-
cution made returnable in less than 20 days to conform
to the statute (3 Comp. Laws 1915, § 12816), which re-
quires executions to be returnable "not less than 20 nor
more than 90 days from the date thereof;" failure to
conform therewith rendering the execution voidable only.

Certiorari to Macomb; Tappan (Harvey), J., pre-
siding. Submitted January 11, 1922. (Docket No.
85.) Decided March 30, 1922.

*Habeas corpus* proceedings by William Davis to ob-
tain his release from a body execution. From an
order denying a motion to amend the body execution,
and discharging defendant, plaintiff brings certiorari.
Reversed.

*Stone, Nunneley & Hummrich,* for appellant.

*Lungerhausen, Weeks & Lungerhausen,* for appellee.

FELLOWS, C. J. George Gunst recovered judgment
in the sum of $1,500 against William Davis in the
Macomb county circuit for assault and battery. Ex-
ecution was issued and returned unsatisfied June 1,
1921. On June 14th a body execution was issued re-
turnable June 30th. Defendant was taken into
custody and July 25th instituted *habeas corpus* pro-
ceedings to secure his release, his claim being that the
execution was void because the return day was less
than 20 days, contrary to the provisions of the statute

(3 Comp. Laws 1915, § 12816). Plaintiff's counsel then moved to amend the return day, setting up that the error in the return day was due to mistake and was intended to be July 30th. The matters were heard together and the trial judge reached the conclusion that the provisions of the statute as to the return day were mandatory, that he had no power to grant the amendment, and that the process was therefore defective in matter of substance required by law. He entered an order denying the motion to amend and discharged the defendant. This order is now before us on writ of certiorari.

We intimated in *Jensen* v. *Oceana Circuit Judge*, 194 Mich. 405, that it was the better practice to move to quash in the court which issued the writ where it was sought to attack the levy. But in the instant case one order was made involving both matters and the parties have fully discussed all questions without raising any objection to the propriety of the remedy; we shall proceed to dispose of the questions on the merits.

The crucial questions are whether the requirement of the statute that "executions shall be made returnable not less than twenty nor more than ninety days from the date thereof" is mandatory, and executions not conforming to this provision are a nullity, or whether the court has the power to amend an execution so that it will conform to this provision of the statute, it not having so conformed when issued— whether the execution is void or voidable only. Counsel agree that the precise question has not been presented to this court. *First National Bank* v. *Dwight*, 83 Mich. 189, is relied upon most strongly by defendant's counsel as applicable by analogy. In that case a creditor's bill had been filed. The execution which had preceded it was returnable less than 20 days from its issue, and it was held that the bill could not be

maintained.    Complainant had not there exhausted his remedy at law and it was held that the defendant could not be harassed by the proceedings unless the execution had been in the hands of the sheriff the statutory period.    It was not held that the execution was a nullity or that it could not be amended, but it was held that complainant had not perfected its right to maintain a creditor's bill.

In *Jenness* v. *Lapeer Circuit Judge*, 42 Mich. 469, an execution had been issued after the death of the plaintiff without reviving the suit.    This court fully considered the question of whether the execution and sale were void or voidable only and pointed out that voidable proceedings may be saved by amendment while void ones may not be, and it was held that the defect was but an irregularity which might be cured by an order *nunc pro tunc*.    In *Arnold* v. *Nye*, 23 Mich. 286, it was held that the failure to attach the seal to the execution did not render it void and that the irregularity could be cured by amendment.    In *Dewey* v. *Dewey*, 151 Mich. 586, the execution had been issued before the decree was enrolled, but it was held that the defect might be cured by a *nunc pro tunc* order, and this although the statute (1 Comp. Laws 1897, § 468) provided that "no execution shall be issued on any final decree until the same shall have been enrolled as hereinbefore provided."    In *Shepard* v. *Schrutt*, 163 Mich. 485, the sheriff during the hearing of a chancery case on a bill filed in aid of execution was permitted to attach to the execution a statement of his proceedings thereunder; and in *Forsythe* v. *Washtenaw Circuit Judge*, 180 Mich. 633 (L. R. A. 1915A, 706), the sheriff was permitted to indorse the date he received the execution although the statute unequivocally made it his duty to make the indorsement "on receipt" of the execution (3 Comp. Laws 1915, § 12820).

These cases are not directly in point but they may be helpful by analogy as indicating that certain statutory requirements having to do with executions are directory only.   We are not persuaded that the cases dealing with the provisions for short summons in justice's court are controlling.   Justices' courts are courts of limited jurisdiction while we are here dealing with the action of a court of general jurisdiction. While we have been unable to find that this court has directly passed on the question here involved, other courts have had it before them and the text-writers have given the question their attention.   In Ruling Case Law it is stated (10 R. C. L. p. 1241) :

"At the present day, the power to amend executions so as to correct clerical misprisions is universally conceded, and frequently invoked.   Indeed, it is very difficult to prescribe limits to this salutary power possessed by the courts, of permitting amendments in their process, whether mesne or final.   Conformably to this liberal attitude of the courts towards amendments generally, instances may be cited of amendments of executions with reference to errors in matters of form, in directions to the officer, in describing the date of the judgment, or of its docketing, in designating the return day, in the clause of attestation, or generally, in matters relating to the court, place or time of return." * * *

Mr. Freeman finds no difficulty in determining that the great weight of authority supports the power to amend.   He says (1 Freeman on Executions [3d Ed.], § 44) :

"The period within which the execution is to be returned differs in the different States, being regulated by local statutes.   At common law, the time for the return was designated in the writ, and this practice still obtains in most, but not in all, of the States.   It has sometimes been held that an error in the return day, or, in other words, the designation in the writ of a return day at a time different from that designated by law, was fatal.   But this view is entirely without

the support of reason, and is now opposed by a decisive majority of the reported adjudications upon this subject. In fact, there is no mere matter of form from which a departure could be of less detriment to the parties. The provision for a return day is beneficial mainly, if not solely, to the plaintiff, because it fixes a time when he may expect to obtain the fruits of his judgment, by compelling the sheriff to have the writ satisfied, if satisfaction can be had. The defendant has no interest in the return day, for the writ, as soon as sued out, may and ought to be levied, whether it be returnable in ten days or in six months."

In *Goode's Adm'r* v. *Miller*, 78 Ky. 235, it was said by the court:

"By the rule of the common law, executions were either issued or made returnable in the term time, but by our statutes they were formerly returnable in not less than thirty nor more than ninety days, and now seventy days is the limit between the teste and return of the writ. The rule of the common law. was regarded as directory only, and such has been the ruling under the various statutes on the subject."

The following authorities will be found to sustain the excerpts above quoted: *Mitchell* v. *Corbin,* 91 Ala. 599 (8 South. 810) ; *People, ex rel. Davis,* v. *Montgomery Common Pleas,* 18 Wend. (N. Y.) 633; *Milburn* v. *State,* 11 Mo. 188 (47 Am. Dec. 148) ; *Cherry* v. *Woolard,* 23 N. C. 438; *Williams.* v. *Hogeboom,* 22 Wend. (N. Y.) 648; *Denn* v. *Lecony,* 1 N. J. Law, 111; *Van Deusen* v. *Brower,* 6 Cow. (N. Y.) 50; *Jackson* v. *Bowling,* 10 Ark. 578; *Stephens* v. *Dennison,* 1 Ore. 19; *Perkins & Co.* v. *Woodfolk,* 67 Tenn. 480; *Shoemaker* v. *Knorr,* 1 Dall. (Pa.) 197; *Saunders* v. *Smith,* 3 Ga. 121; *Reubel* v. *Preston,* 5 East. 291; *Atkinson* v. *Newton,* 2 Bos. & P. 336; Herman on Executions, §§ 66, 67; 1 Abbott, Cyc. Mich. Practice, pp. 707, 708. The only cases militating against those just cited which we have been able to discover in the time at our disposal are *Furtade* v. *Miller,* Barnes, 213; the

holdings of the Vermont court of which *Fifield* v. *Richardson,* 34 Vt. 410, is typical, and *Harris* v., *West,* 25 Miss. 156. This Mississippi case, however, must be regarded as modified at least by the holding of that court in *Brown* v. *Thomas,* 26 Miss. 335.

We are persuaded that the statement of Mr. Freeman above quoted is supported by reason and authority and that it was within the power of the trial court to grant the motion to amend the return day of the writ. From this it follows that the order made must be vacated and the case remanded to the circuit court for Macomb county for such further proceedings as may be had not inconsistent with this opinion. Plaintiff in certiorari will recover costs of this court.

WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.