## TEASLEY *v.* NELSON, warden, etc.

1. Upon the loss of any office paper in the superior court, a copy may be established instanter, on motion. A written sentence in a criminal case in the superior court does not cease to be an office paper or record because it has not been recorded in the record book of writs in the office of the clerk of the superior court.
2. In the present case it appears that the lost written sentence, which was unrecorded, was established by the trial judge, on the same day, prior to the hearing in the present habeas-corpus suit, from "memory," without a "motion" being made for that purpose (so far as the record shows), and without notice to the plaintiff in error, against whom the original judgment was rendered, or other evidence as to the correctness of the lost original, than the "memory" of the judge, who signed the original judgment two years previously. In these circumstances, such established sentence, which does not provide that the defendant in that

Criminal Law, 16 C. J. p. 1324, n. 52, 59.

Habeas Corpus, 29 C. J. p. 53, n. 32; p. 61, n. 31.

Records, 34 Cyc. p. 606, n. 75; p. 607, n. 77; p. 608, n. 92, 93, 95; p. 610, n. 39.

sentence should serve it concurrently with two other sentences then being served by the defendant, can not prevail over a written sentence subsequently pronounced by the same judge against the same defendant, which recited that the sentence imposed should begin "at the expiration of the two sentences *now being served* from this court," etc. Consequently it was error for the court, on the hearing of a petition by the plaintiff in error for a writ of habeas corpus, where the foregoing facts were in evidence, to refuse to grant the prayer of the petition for habeas corpus, and to remand the defendant to the custody of the county warden.

No. 5704. May 3, 1927.

Habeas corpus. Before Judge Tarver. Whitfield superior court. November 1, 1926.

*Maddox, Maddox & Mitchell,* for plaintiff.

*C. C. Pittman, solicitor-general,* for defendant.

Hill, J. Fred Teasley brought a petition for habeas corpus against R. F. Nelson as warden of Whitfield County chain-gang, on October 30, 1926, praying that the warden be required to produce the body of Fred Teasley before Judge M. C. Tarver, together with the cause of the plaintiff's detention, etc. On November 1, 1926, the respondent produced the body of the plaintiff, and filed his answer. On the hearing of the case the plaintiff introduced certain orders of the court sentencing the plaintiff in three certain cases against him in Whitfield superior court; one for carrying a pistol in two counts, wherein the court ordered that Fred Teasley "do work on the State farm for and during the full term of six months, and on the chain-gang for and during the full term of six months on the first count of said indictment; and that on the second count he serve on the chain-gang for and during the full term of twelve months, and then be discharged. Said sentence to begin and be counted from the date of the reception of the defendant on State farm under this order and judgment. Sentence pronounced and signed in open court this April 12, 1924. M. C. Tarver, J. S. C. C. C." At the October term, 1924, of Whitfield superior court, in the case of The State v. Fred Teasley, the jury returned the following verdict: "We, the jury, find the defendant guilty of assault with intent to murder, and fix his sentence at not less than two or more than two years and one day. This 8 day of October, 1924. J. L. Hinton, foreman." This verdict was entered upon the minutes of the court. On January 8, 1925, in term, Judge Tarver entered the following judgment in

the case in which Teasley had entered a plea of guilty of possessing whisky: "Whereupon it is considered, sentenced, and adjudged by the court, that Fred Teasley do work in the chain-gang on the public works, or in such other works as the lawful authorities may employ the chain-gang, for and during the full term of twelve months to begin at the expiration of *the two sentences now being served* from this court for carrying pistol and shooting wife, and then be discharged. And it is further ordered that this sentence begin and be counted from the time of the reception of the said defendant in the chain-gang under this order and judgment." On the hearing the following order of October 28, 1926, with reference to the application of Fred Teasley convicted at the January term, 1925, of the superior court of Whitfield County for possessing whisky, was introduced: "Ordered that the sentence of Fred Teasley be and the same is hereby commuted to present service. Clifford Walker, Governor." On the trial of the habeas corpus proceeding on November 1, 1926, the court passed the following order in the case of The State v. Fred Teasley, which was an indictment for assault with intent to murder in Whitfield superior court, and a verdict of guilty rendered on October 8, 1924: "Whereupon it is considered, ordered, and adjudged by the court that the defendant, Fred Teasley, be taken to the common jail of said county, and there safely held until called for by guard from penitentiary; and that he shall thereupon be transferred to the State penitentiary, where he shall serve at hard labor, for a term of not less than two years and not more than two years and one day, as fixed by the verdict of the jury. Said sentence to begin from the reception of said defendant in the penitentiary under this order and judgment. This October 8, 1924. M. C. Tarver, J. S. C. C. C." The following was attached to the order: "It appearing to the court that the above sentence is a substantial copy of the one imposed by this court on the 8th day of October, 1924, and that the original sentence has been lost prior to the same being recorded in the minutes of this court, it is ordered that the above copy be established and recorded in lieu of the lost original. This November 1, 1926. M. C. Tarver, J. S. C. C. C."

The plaintiff objected to the introduction of this judgment, upon the ground that the order establishing it as a correct copy of the original sentence was granted without any evidence having been

introduced establishing the fact that it was a true copy of the
original sentence imposed in the case, plaintiff insisting that the
original sentence provided that the sentence of which this purports
to be a copy provided that the sentence on this charge should run
concurrently with the sentences then being served by the petitioner,
basing this insistence upon what is recited in the sentence of the
court at the January term, 1925, in the case of The State v. Fred
Teasley, charged with possessing whisky. As to this objection the
court stated that he remembered the sentence, and that the original
sentence did not provide that it was to be served concurrently with
the sentences that were at that time being served by petitioner,
but that the sentence as originally passed was, as he remembered
it, the same as the copy offered in evidence, and that it was true
that no evidence was introduced showing what the original sen-
tence contained, but that this copy offered in evidence was estab-
lished solely on the memory of the judge of the superior court of
Whitfield County as to what the original sentence imposed on
October 8, 1924, contained. Whereupon the court overruled the
objection of petitioner and admitted in evidence the document.
To this action of the court the plaintiff in error excepted upon
the ground that the established judgment was not legally estab-
lished as a copy of the original sentence imposed in the case, and
that it was void and could not justify the detention of the peti-
tioner in the Whitfield County chain-gang. On the trial of the
case the petitioner testified as follows: "I am the petitioner for
habeas corpus in this case. The three sentences, in the pistol case
imposed in April, 1924, the assault with intent to murder case
imposed in October, 1924, and the whisky case imposed in January,
1925, are all the sentences that were to be served by me. I went
to the State farm May 3, 1924. I escaped from there June 11,
1924, and was caught and put in the Whitfield County chain-gang
on June 27, 1924. I have been in the Whitfield County chain-
gang continuously since June 27, 1924. I am still confined there
now. Mr. Nelson refuses to release me." The respondent, R. F.
Nelson, offered in evidence the judgment of the court set out above
of Octobr 8, 1924, and which was established by the court on his
recollection of what the original sentence contained; and also
offered in evidence his sworn answer. At the conclusion of the
hearing the court denied the prayers of the petition, and ordered

that petitioner be remanded to the warden of Whitfield chain-gang. To this judgment the plaintiff excepted.

We are of the opinion that the court below erred in denying the prayer of plaintiff's petition, and in remanding him to the warden of Whitfield County chain-gang. It appears from the sentence of the court, pronounced and signed on January 8, 1925, that the plaintiff in error was sentenced, in the case in which he pleaded guilty to possessing whisky, for the term of twelve months, "to begin at the expiration of the *two sentences now being served* from this court for carrying pistol and shooting wife, and then be discharged." It thus appears from the above-stated judgment of the court, which was signed and entered upon the minutes of the court, that on January 8, 1925, the plaintiff in error was then serving (concurrently) a sentence for carrying a pistol, and for shooting his wife. See Penal Code (1910), § 1067. And this judgment, it will be borne in mind, was passed within a few months after the sentences in the other cases, whereas the order of the court establishing the lost judgment instanter, without motion, or notice to the plaintiff in error, as far as the record shows, and without any evidence other than the "memory" of the judge himself, occurred more than two years after the date of the judgment which was lost. It will thus be seen that if the plaintiff in error was, on January 8, 1925, serving a sentence for shooting his wife, which was an assault with intent to murder, as found by the jury, and the sentence of the court, imposed for carrying a pistol, he has served from that time, on the felony sentence, more than two years to the time of bringing this petition for habeas corpus. And even if the trial judge could establish a copy of the lost original judg-ment, pronounced more than two years previously, from memory, yet we are of the opinion that the statement of fact contained in the judgment and sentence of the court pronounced January 8, 1925, should be taken in preference to the "memory" of the judge in 1926, two years after he passed sentence in the felony case; and therefore, it appearing that on January 8, 1925, the plaintiff in error was serving this very sentence, under which he is now being held in custody, and having been relieved from the other sentences by the Governor's executive order on October 19, 1926, he should be released from custody. It is undoubtedly true that the general rule in this State is that upon the loss of any original

petition, answer, declaration, plea, bill of indictment, special presentment, or other *office paper,* a copy may be established instanter, *on motion.* Civil Code (1910), § 5312; *Eagle & Phenix Mfg. Co.* v. *Bradford,* 57 *Ga.* 249; *Cleghorn* v. *Johnson,* 69 *Ga.* 369 (2). Yet, under the facts of this case, which do not show that a *motion* was made, or that notice was given to the plaintiff in error, we are constrained to hold that the facts recited in the judgment of the court on January 8, 1925, which was admitted to record, and which judgment was passed by the same learned judge who made the order establishing the lost copy of the judgment of October, 1924, are superior to, and should be taken in preference to, the recollection of the judge two years after that judgment was passed.

We do not mean to hold that an office paper can not be established "instanter on motion," nor that notice is indispensably necessary to be given on a motion to the court to establish copies of office papers, which are lost or destroyed. See, in this connection, *Saunders* v. *Smith,* 3 *Ga.* 121 (7); *Eagle & Phenix Mfg. Co.* v. *Bradford,* supra; *Bell* v. *Patterson,* 146 *Ga.* 233 (91 S. E. 71); *Pulliam* v. *Jenkins,* 157 *Ga.* 18 (121 S. E. 679). Neither do we mean to hold that where there is an allegation and proof showing that the record as restored was not the true one, that it could be established "instanter on motion." See, in this connection, Fuller *v.* Little, 69 Ill. 229 (8). We fully recognize the rule that a court has the power to replace its own records when lost or destroyed. See Red River etc. *v.* Sture, 32 Minn. 95 (20 N. W. 229). A court has the inherent power to replace its records when lost or destroyed. Haney *v.* Haney, 163 Minn. 114 (203 N. W. 614). Original papers, such as the declaration, process, verdict, and judgment in a suit, do not cease to be records because they have not been recorded in the record book of writs in the superior court. *Bridges* v. *Thomas,* 50 *Ga.* 378 (3).

The cases in which it has been held that it was not necessary to give notice to the parties at interest were where the copy of the original sought to be established was an exemplification of the lost original. In *Saunders* v. *Smith,* 3 *Ga.* 121, 128, it was said: "It, however, appears from the order itself that it was an exemplification of the original lost record that the court ordered to be established, which offered the most satisfactory evidence of its authenticity." It was also said that "it is the business, as well as

the duty of the court, to guard and protect the rights of both parties in the keeping and establishment of its own records." In *Eagle &c. Mfg. Co.* v. *Bradford,* supra, it appears from the statement of facts that "the case had been carried to the Supreme Court, and the copy proposed to be established was certified by the clerk to be a correct copy of the transcript of the record forwarded to that tribunal, and preserved in his office." But those cases are very different from the present, where a copy of the lost original was established merely from the "memory" of the judge who made the original order, and where in a subsequent order, sentencing the same defendant, there is a statement of fact which is contradictory to that in the established sentence.

No presumption will be indulged in favor of sustaining a sentence as cumulative. Accordingly, the rule is that where the defendant is already in execution of a former sentence, and the second sentence does not state that the term is to begin at the expiration of the former, the second will run concurrently with the first, in the absence of a statute providing a different rule. 8 R. C. L. 242, § 242. So from the foregoing authorities and the evidence in this case we reach the conclusion, that, although a court may establish copies of lost papers *on motion,* and assuming, without deciding, that the copy of the written sentence of October, 1924, which had not been recorded, could be established by the court from his "memory" of what that lost written sentence contained, yet we are of the opinion, as already stated, that the sentence of January 8, 1925, which was recorded, and both of which sentences were rendered by the same judge, that the latter, with the statements contained therein, should outweigh the "memory" of the same judge, as to what occurred more than two years previously.

*Judgment reversed. All the Justices concur, except*

GILBERT, J., dissenting. I concede the correctness of the general statement laid down in 8 R. C. L. 242, given in the opinion of the majority, that "no presumption will be indulged in favor of sustaining the sentence as cumulative," etc. It is unnecessary, it seems to me, to discuss the question in this dissent, because it does not appear that anything is left to presumption. The case has been decided by the majority solely on the basis of whether, as a matter of law, the recollection of the trial judge is better at one time than

at another. Two sentences were passed, respectively on April 12,
1924, for a misdemeanor, and on October 8, 1924, for a felony.
On January 8, 1925, the same judge passed a third sentence upon
the same accused (for misdemeanor). In the last sentence there
was a provision that service was "to begin at the expiration of the
two sentences now being served from this court for carrying pistol
and shooting wife, and then be discharged." The majority opin-
ion holds, as a matter of law, that the phrase in the last-named sen-
tence, to wit, "the two sentences now being served," demands a
finding that the sentence of October, 1924, when passed, provided
that it was to be served concurrently with the sentence of April,
1924. This position seems to me untenable, for several reasons.
The words, "now being served," do not necessarily mean that they
are being *concurrently* served. The words may mean that the
two sentences are being served *successively*. The phrase was not
used by the trial judge when passing the second sentence; and no
reviewing court, in my opinion, is authorized to say, as a matter
of law, when the memory of the trial judge is at its best. It would
be announcing a new principle for this court to say that the
memory of the trial judge was better in January, 1925, than at
the time the lost sentence was established, in October, 1926. Be-
sides these words there is nothing else contradicting the memory
of the judge, except the word of the person sentenced. His memory
did not accord with that of the judge. Moreover, the sentence as
established was offered in evidence, and it would be going far to
hold that the sentence was void and inadmissible in evidence be-
cause, as an objection to its admission, it is asserted that the
memory of the judge was not correct and that the sentence was
established without notice. It should be presumed that the judg-
ment establishing the sentence was rendered in accordance with
law, and is valid until set aside, or unless there is convincing evi-
dence that it is void.