19388. TEASLEY *v.* NELSON.

BELL, J. 1. Detention by a proper officer under a valid warrant can not amount to false imprisonment. *Page* v. *Citizens Banking Co.,* 111 *Ga.* 73 (7) (36 S. E. 418, (51 L. R. A. 463, 78 Am. St. R. 144). Even where the warrant is defective or void for want of jurisdiction, neither the party procuring it nor the officer executing it, if acting in good faith, is guilty of false imprisonment; the bona fides to be determined by the circumstances of each case. Civil Code (1910), § 4448.

2. Thus, where a convict, claiming that he had completed the servitude required by his sentence, applied to the judge of the superior court of the proper county for the writ of habeas corpus against the warden having him in custody, and on the hearing of the petition the writ was dismissed and the petitioner remanded to custody, the warden was not guilty of false imprisonment in holding the prisoner pending a review of the case by the Supreme Court, although the judgment of the trial court in such proceeding was erroneous, and was reversed by the Supreme Court. See *Teasley* v. *Nelson,* 164 *Ga.* 242 (138 S. E. 72). Such judgment was in the nature of a warrant, and was issued by a judicial officer having jurisdiction to issue it, and even if it could be said to have been defective so as to make the good faith of the warden an issue, there was in the present case no evidence that the warden acted in bad faith, and none tending in that direction was offered.

3. The plaintiff's evidence failed to make a case of liability, and since the result would not have been different had the court admitted all of the evidence tendered, any possible error in the rejection of evidence was

immaterial. The court did not err in granting a nonsuit. *McDonald* v. *Sowell*, 129 *Ga.* 242, 244 (58 S. E. 860, 12 Ann. Cas. 701); *Butler* v. *Tattnall Bank*, 140 *Ga.* 579 (79 S. E. 456), and cit.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 20, 1929.

*William E. & Gordon Mann,* for plaintiff.

*J. A. McFarland, R. C. Pittman, W. M. Sapp,* for defendant.