JAMES S. MORRIS, plaintiff in error, *vs.* JAMES J. & MOSES
OGLE, defendants in error.

1. In the superior court, the trial of a case cannot proceed, over the objection
   of the parties, without the presence of the necessary office papers, or of
   established copies. The defendant's counter-affidavit to the summary en-
   forcement of a mechanic's lien, is a necessary paper, the issue on trial be-
   ing presented by it.
2. After a counter-affidavit to the enforcement of a mechanic's lien is received
   by the sheriff, and the same, with the execution and levy and the order di-
   recting execution to issue, are returned by him to the clerk's office, all these
   papers are office papers of the superior court, and so remain until the trial
   directed by statute is had, and the matter is finally disposed of. Upon their
   loss from the office, that court may, at any time while the case is pending,
   establish a copy of one or more of them, upon motion.
3. Unless the contrary appears, this court will presume that the superior court
   had ample evidence that copies established were true copies.

Practice in the Superior Court. Mechanic's lien. Lost pa-
pers. Presumptions. Before Judge KNIGHT. Cobb Supe-
rior Court. November Term, 1875.

Reported in the opinion.

GEORGE N. LESTER; GARTRELL & DUNWOODY, for plain-
tiff in error.

W. P. McCLATCHY, for defendants.

BLECKLEY, Judge.

1. The enforcement of a mechanic's lien upon a gin-house,
mill and the machinery therein, for labor and material fur-
nished in building and repairing the gin-house and mill, was

Morris *vs.* Ogle.

resisted by a counter-affidavit, the proceeding itself being an execution founded, not upon a suit, but upon affidavits made by the creditors as mechanics.    In other words, it was a summary foreclosure of mechanic's lien under the act of 1869, and the Code of 1868, section 1969.    After the plaintiffs had submitted a part of their evidence, it was discovered that most of the papers pertaining to this case were missing—among them, the execution, with the sheriff's levy thereon, the order directing the execution to issue, and the defendant's counter-affidavit.    The court proceeded with the trial, over the defendant's objection, without the presence of the papers, and without causing copies of any of them to be established.    We cannot discover from the record that the court had any evidence of the contents of the papers, or that it was made aware what grounds were taken in the counter-affidavit.    That affidavit, according to the Code of 1868, section 1970, presented the issue to be tried, and in its absence, with no copy of it, and no evidence of its contents, it would seem impossible for the court or the jury to have known precisely what was on trial.    We certainly do not know from the record before us what was for trial, whether it was the amount of the claim, the justice of the claim, or the existence of the lien, or all three.    It was competent, under the statute, for the affidavit to have traversed any one of these, or all of them together.    The verdict found by the jury is for a specific sum of money, without any mention of the lien, and from this we might infer that the lien itself was not thought by the court and jury to be in controversy; but the record ought to have shown what was in controversy, and the trial should not have proceeded until that appeared.    We rule that it was error to try the case without the original counter-affidavit or an established copy; and we think, also, that it would have been the better practice, even if not indispensable, to have required the other papers, if not found, to be established likewise before proceeding with the trial.    The execution, the levy, and the order directing the execution to issue, ought to have been before the court.

2, 3. While a motion for new trial was pending, the court, on motion of the plaintiffs, and over the objection of the de-, fendant, permitted a copy of the execution and of the order directing it to issue, to be established.   That is assigned as one of the errors committed.   It was not too late to establish these papers, though their establishment ought not to have influenced the action of the court upon the motion for new trial, and perhaps did not.   The papers were of a sort to be, established on motion.   They were office papers of the superior court, having been returned there in connection with this case by the sheriff after the filing of the counter-affidavit, and before the trial was had.   Their loss from the clerk's office was conceded.   The defendant denied, but not under oath, that the copies about to be established were true copies; but we are bound to presume that his denial was not supported by evidence, and that the court granted the order to establish the copies on full and proper evidence that they *were* true.   The evidence on this part of the case is not brought up in the record or bill of exceptions, and we therefore cannot pronounce upon it otherwise than by invoking this presumption.

The judgment overruling the motion for a new trial is reversed, upon the ground that the case was tried, over the defendant's objection, without the presence of the counter-affidavit or of an established copy.   Other grounds of the motion relate to subsequent matters, which need not be passed upon, as this fundamental error vitiated all that was done up to verdict.

Judgment reversed.