WIMBERLY *et. al. vs.* MANSFIELD *et al.*    | 70  783
                                               | 99  285

. 1. After an action of ejectment has been brought, and the declaration filed, if it becomes necessary to perfect any muniment of title or link in its chain by a proceeding in another court to alter, amend or add to the records thereof touching such muniment or link, notice should be given to the adverse party; and if it appear that the order *nunc pro tunc* was taken without such notice, the exemplification thereof should be rejected as evidence in the ejectment case.

2. If, pending an action of ejectment, an order *nunc pro tunc* was obtained from the court of ordinary affecting the title involved in the ejectment case, when in fact there had never been a precedent order granted at all, and this was done *ex parte* and without notice to the adverse party in the ejectment cause, such judgment would be one obtained by fraud, and could be collaterally attacked when offered in evidence.

September 18, 1883.

Practice in Superior Court. Notice. Evidence. Judgment. Fraud. Before Judge BOWER. Calhoun Superior Court. March Term, 1883.

Wimberly *et al.*, as heirs of Griggs, deceased, brought ejectment against Mansfield, as real claimant, and Ruth, as tenant in possession. Plaintiffs claimed under their father, Griggs, who died in possession. Defendant, Mansfield, claimed by a chain of conveyances under one J. J. Sessions, as administrator of Griggs, who sold the lot at administrator's sale.

Defendant, Mansfield, offered in evidence an exemplification of the record from the court of ordinary of Calhoun county, showing an order of that court purporting to establish an order granted by it in 1868, authorizing the sale of the land by the administrator. This *nunc pro tunc* order was granted on the petition of L. C. Hoyl, Esq., administrator of Sessions, deceased, who had been the administrator of Griggs. It was granted in March, 1883, after the commencement of this action of ejectment, and without any notice to the plaintiffs. They objected to it, one

ground of objection being this want of notice. The objection was overruled.

Plaintiffs then introduced witnesses and proposed to prove that there had been no such original order, that no order was granted for the sale, and it took place without order. This testimony was rejected on objection.

The jury found for defendants. Plaintiffs excepted, and assigned as errors, among other things, the following:

(1.) The court erred in admitting in evidence the exemplification from the court of ordinary.

(2.) The court erred in rejecting the evidence offered to show that there was no original on which to base the *nunc pro tunc* order.

L. G. CARTLEDGE; C. B. WOOTEN, for plaintiffs in error.

J. J. BECK, by A. HOOD, Jr., for defendants.

JACKSON, Chief Justice.

The only questions in this case necessary to be decided are whether, pending an action of ejectment in which an order to sell in the court of ordinary is a necessary muniment of title and there is no evidence of such an order of record in that court, the party wishing to use such evidence can have a *nunc pro tunc* order entered without notice to the other side in the ejectment cause, and whether, in such a case, the party not served with notice of the *nunc pro tunc* order can attack the same as fraudulent in the superior court, on the ground that no such original order to sell ever was had in the ordinary court and the whole proceeding was fraudulent and void.

1. We think that when the parties are at issue in ejectment in the superior court,—that is, after the action is brought and the declaration filed,—and it becomes necessary to perfect any muniment of title or link in its chain by a proceeding in another court to alter or amend or add to the record thereof touching such muniment or link, fair-

ness and the prevention of fraud demand notice to the adverse party; and if it appear that the order *nunc pro tunc* was taken without such notice to the adverse party, the exemplification should be rejected as evidence.

In the case of *Cleghorn vs. Johnson,* and *vice-versa,* 69 *Ga.,* 369, this court ruled, in respect to the establishment of a lost paper, that the usual practice was to establish it *instanter,* on motion and without notice; but that, where the lost paper is a part of a muniment of title in ejectment pending in another court, and a material link in the chain, the better practice is to give notice of the proceeding to establish the lost paper to the other party in the ejectment. The practice there indicated as proper, we now rule to be necessary; and rule that an exemplification of such record without notice is not admissible.

2. Moreover, a judgment obtained by fraud may be attacked anywhere, when it stands in the path of the rights of any litigant; and if it can be shown that no original order to sell ever was passed by the court of ordinary, and that an order *nunc pro tunc* was obtained when there never had been a precedent order granted at all, and that this had been all done *ex parte* and without notice to the other party in the ejectment suit, and with a view to make a title and win the case, which could not otherwise be gained, we can conceive of no more fraudulent proceeding to procure a judgment, and none therefore on which an attack collaterally should have been more readily allowed. Of course we do not say whether the facts can be proved or not. It is enough that the plaintiff in error proposed to prove them, and the court refused him the privilege to try to do so. Code, §3596.

The admission of the exemplification of the *nunc pro tunc* judgment of the court of ordinary, making a record after the action of ejectment was brought, without notice to the other side opposed to the necessary link of title so made, and which did not exist at the commencement of

the suit, and the refusal to permit the plaintiff in error to assail the *nunc pro tunc* order or judgment of the court of ordinary for fraud, in our judgment necessitate the grant of a new trial.

Judgment reversed.