## WATSON *v.* HEMPHILL.

*Lumpkin, J.*—1.  A written agreement between the parties to a pending case, bearing upon and affecting the disposition to be made of the same, and duly filed with the other papers in the case, is an "office paper" of which a copy may be established *instanter* on a motion made by one of the parties and supported by a proper showing. In such case a formal rule *nisi*, with service upon the opposite party, is not essential, especially when that party is present and offers no valid objection to the establishment of the lost paper.

2.  There was no error in striking the defendant's special plea, as it set up nothing constituting a legal defense to the plaintiff's action.

3.  The defendant in an action upon a conditional contract in writing having, at the May term, 1894, of the court, entered into a written agreement with the plaintiff, stipulating that, in consideration of the latter's consent to a continuance until the next term of the court, the defendant would withdraw all pleas and defenses and that the plaintiff might then take a judgment for the full amount sued for, there was no error, at the May term, 1895, in enforcing this agreement by directing a verdict in the plaintiff's favor and permitting a judgment to be entered thereon, the defendant then showing no valid reason

why his agreement should not be enforced, and it appearing that he had already enjoyed six months more indulgence than he had contracted for.                    *Judgment affirmed.*

May 23, 1896. By two Justices. Argued at the last term.

Complaint.  Before Judge Janes.  Douglas superior court.  May term, 1895.

*James & Bell, W. T. Roberts* and *W. A. James,* for plaintiff in error.  *Lewis & Green,* contra.