[Alabama City, Gadsden & Attalla Ry. Co. v. Ventress.]

# Alabama City, Gadsden & Attalla Ry. Co. v. Ventress.

*Appeal from Order Overruling Demurrer to a Motion to Substitute Summons and Complaint.*

(Decided Feb. 7th, 1907.    42 So. Rep. 1017.)

1. *Records; Supplying Lost or Destroyed Records.*—Section 2647, Code 1896, is declaratory of the law as it already existed of the inherent power of the courts to substitute original papers or records which are lost or destroyed, in pending civil causes.

2. *Same; Procedure; Review; Acts Reviewable.*—The action of the court on pleadings for the substitution of lost or destroyed records in pending civil cases is not revisable upon appeal from an order on the pleadings. Such action can be reviewed only upon proper exception taken on appeal from final judgment in the cause.

APPEAL from Etowah Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Thomas Ventress against the Alabama City, Gadsden & Attalla Railway Company. From an order overruling a demurrer to a motion to substitute a summons and complaint, defendant appeals. Appeal dismissed.

This was an application to the circuit court to substitute summons and complaint, which was alleged to have been delivered to the clerk, and by him, with copy, delivered to the sheriff of the county for service. It is alleged in the motion that it is lost, and that the complaint accompanying the motion is a substantial copy of the complaint originally filed in said cause. Movant states that he does not know whether service has been perfected on the defendant or not, but his information is that it has. Demurrer was interposed to the motion: "(1) That said motion shows on its face that the cause has been discontinued. (2) The motion shows on its

face that the cause of action in which movant seeks to substitute the summons and complaint has been discontinued by operation of law. (3) Motion shows on its face that the summons and complaint has abated. (4) It does not appear therefrom that the original summons and complaint has been lost or destroyed. (5) It appears therefrom that the defendant had not been served with a copy of said summons and complaint. (6) It does not appear that said summons and complaint can be substituted. (7) It does not give a sufficient reason why said motion was not made." Testimony was introduced pro and con as to the filing of the complaint, as to whether or not it had been served, and as to whether or not it was lost or destroyed. The court overruled the demurrers to the motion, and allowed the complaint substituted, from which action of the court this appeal is prosecuted.

BURNETT, HOOD & MURPHREE, for appellant.—Counsel discuss assignments of error but cite no authority.

CULLI & MARTIN, for appellee.—The appeal should be dismissed.—Sec. 2649 and 2652, Code 1896.

DOWDELL, J.—The appeal in this case is taken from an order of the circuit court allowing the substitution of lost papers in a pending cause in said court. Section 2647 of the Code of 1896 is as follows: "All courts have the inherent power, if original papers or records, pertaining to matters of civil jurisdiction, or to civil cases which are pending, or which have been determined, are lost or destroyed, to cause a substitution thereof, and the substituted paper or record is of equal validity with the original." This statute in effect is but declaratory of the law as it already existed. Independent of statutes, courts have power to substitute lost records.—Mayfield's Dig. vol. 4, p. 872.

From such order, granting the substitution of lost papers, no appeal lies unless authorized by statute. The appeal in this case is taken presumably under section 2652 of the Code of 1896. This is the only statute au-

thorizing an appeal from an order granting or refusing the substitution of lost papers or records. Section 2652 reads as follows: "From any order of a court of record, granting or refusing substitution under the preceding section, an appeal lies to the supreme court as from final judgments or decrees in civil cases; and bills of exceptions may be taken as in other civil cases. From an order of the justice of the peace, an appeal to the circuit or city court lies, as in other cases, and the trial is de novo." Section 2651, which precedes 2652, relates exclusively to a question of cost of substitution. It is evident that section 2651 was not intended by the reference contained in section 2652, since section 2651 contains no provision for any order granting or refusing a substitution of lost papers.

By reference to the Code of 1886, from which these sections were brought forward into the Code of 1896, it is made perfectly plain that the "preceding section" referred to in section 2652 is section 2649. The sections of the present Code from 2648 to 2652, both inclusive, were brought forward from the Code of 1886, and, when brought forward, were changed in their order by the codifier. Section 2648 of the present Code, which relates to the substitution of papers in a pending cause or proceeding, corresponds with section 657 of the old Code. Section 2649 of the present Code, which provides for the substitution of papers in a cause not pending, but after its determination, corresponds with section 658 of the old Code. Section 2652 of the present Code forms section 659 of the old Code. From this it will be seen that section 2649 of the present Code, which was section 658 of the old Code, must be the section intended by the reference in section 2652 (659) to the preceding section; and hence it follows that the only right of appeal given by statute from an order granting or refusing the substitution of lost papers is where the cause in which the substitution is made has been determined, and not in a pending cause.

[Howard, et al. v. Rutherford.]

The appeal in this case, being taken from an order in a pending cause, cannot be sustained, and therefore must be dismissed.

Appeal dismissed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.