### SELPH *et al.* *v.* SELPH *et al.*

ATKINSON, J. 1. This case was here on a former occasion. *Selph* v. *Selph,* 133 *Ga.* 409 (65 S. E. 881). After the decision in the Supreme Court, and before the termination of the case in the superior court, the defendants filed an application to the court of ordinary to establish a copy of the lost original return of the appraisers setting apart the land to the defendants as a year's support. The petition to establish the lost paper was not served upon the plaintiffs in the pending suit, nor did they have notice of the application; but the ordinary, on the day the application was presented, entered an order ex parte establishing the copy in lieu of the lost original. On a subsequent trial of the case in the superior court, when the copy so established was offered in evidence, it was admitted over the objection, among others, that the order establishing the lost record was passed without any notice to the plaintiffs, as required by law. Under the rulings in the cases of *Cleghorn* v. *Johnson,* 69 *Ga.* 369, *Wimberly* v. *Mansfield,* 70 *Ga.* 783, *Cosnahan* v.

*Rowland,* 99 *Ga.* 285 (25 S. E. 647), and *Allen* v. *Lindsey,* .113 *Ga.* 521 (38 S. E. 975), this was error.

2. The case was submitted to the court without the intervention of a jury, and the defendants in error relied both upon record title' and upon prescription. The evidence is not sufficient to require a finding in favor of the prescriptive title. Civil Code (1910), § 3725.

  *Judgment reversed. Beck, J., absent.' The other Justices concur.*

      AUGUST 22, 1911.

Application for partition. Before Judge Mitchell. Berrien superior court. January 20, 1910.

*Jackson & Jackson* and *J. G. & J. F. McCall,* for plaintiffs.

*Hendricks & Christian,* for defendants.