4734, 4735. HUMPHREY, administratrix, *v.* JOHNSON *et al.;* and *vice versa.*

An appeal to the superior court will not lie from a judgment of a justice's court establishing copies of lost office papers, though the papers compose a part of a record in a suit involving a claim above $50; but certiorari is the remedy.

DECIDED OCTOBER 7, 1913.

Appeal; from Fulton superior court—Judge Ellis. January 29, 1913.

*Lavender R. Ray,* for Humphrey.

*Simmons & Simmons, C. L. Pettigrew,* contra.

HILL, C. J. A motion was made in writing by Charlie Johnson before A. A. Jones, justice of the peace for the 722d district G. M., Fulton county, at the August term, 1911, of the justice's court, to establish alleged lost papers, to wit: a promissory note, payable to W. A. Smith, for the principal sum of $100, with a credit of $55 thereon, signed by W. P. Humphrey; an original summons directed to E. J. Humphrey, as administratrix of the estate of W. P. Humphrey, deceased, with entry of service thereon; affidavit in forma pauperis, filed on appeal by the defendant from the judgment of the justice of the peace; verdict of the jury on appeal, and judgment of the justice entered upon said verdict; which were claimed by the movant to be parts of the record in a prior case disposed of by a former justice in and for the same district in the year 1897. It was prayed that the copy judgment when established be amended nunc pro tunc, so that the judgment should be against E. J. Humphrey as administratrix of the estate of W. P. Humphrey, and not against her individually. The right to file the motion to have the papers established was based by the movant upon the ground that they pertained to the muniments of title to a certain lot of land, which title he was defending in a suit in the superior court of Fulton county, filed by the heirs at law of the maker of the note. Copies of the movant's petition, attached to a summons of the justice of the peace, were served upon the administratrix and the heirs at law of W. P. Humphrey, deceased, calling upon them to show cause why the prayers of the petitioner should not be granted, and the papers established and the corrections nunc pro tunc made. The administratrix and the heirs at law responded and resisted the establishment of the papers, upon the ground, among

others, that there never were such original papers; and resisted the amendment nunc pro tunc, upon the ground that if there ever were such original papers, the proceedings were against the administratrix individually, as the docket of the justice of the peace showed, and not against her as administratrix of the estate of W. P. Humphrey, deceased. Upon the trial of the issue thus raised the justice of the peace found for the movant, establishing the papers, and entered nunc pro tunc corrections on the judgment, making it a judgment against E. J. Humphrey as administratrix of the estate of W. P. Humphrey, instead of against her individually. The respondents appealed to a jury in the superior court, and in that court the movant made a motion to dismiss the appeal, upon the ground that the superior court was without jurisdiction on appeal, but that certiorari was the proper method of bringing the proceeding before the superior court for review. The court overruled the motion to dismiss, and the movant excepted pendente lite, and by cross-bill of exceptions brings the question to the Court of Appeals for adjudication. The decision that we have reached in the consideration of the question raised in the cross-bill of exceptions leaves nothing remaining to be considered by this court; hence the brief statement of the facts as set forth in this opinion is all that is necessary to an understanding of the case as decided by this court.

The right of appeal in any case is founded upon express legislative enactment. 2 Cyc. 507; *Hendrix* v. *Mason,* 70 *Ga.* 523; *Cunningham* v. *U. S. Loan Co.,* 109 *Ga.* 616, 619 (34 S. E. 1024); *Fontano* v. *Mozley,* 121 *Ga.* 46, 48 (48 S. E. 707); *DeLamar* v. *Dollar,* 128 *Ga.* 57, 66 (57 S. E. 85); Alabama Ry. Co. *v.* Ventress, 149 Ala. 658, 659 (42 So. 1017). The constitutional provision allowing an appeal to a jury in the superior court, under such regulations as should be prescribed by law, did not become operative until legislative action prescribing regulations. "The appellate jurisdiction of the superior court must be exercised, and can only be exercised, in such cases as are provided by law." *DeLamar* v. *Dollar,* supra. Hence, unless the code contains provision for appeal to a jury in the superior court in the class of cases under consideration, no appeal can lie, but some other remedy must be invoked, to review the judgment of the lower court. True, the constitution provides, as to cases in justice's courts, that "in all cases there may be an appeal to a jury in said court, or an appeal to the superior

'court, under such regulations as may be prescribed by law" (Civil Code, § 6524); yet, as we have seen in the case of *Hendrix* v. *Mason,* supra, this provision of the constitution is not self-executing, and until such regulations are prescribed by the legislature no appeal will lie, and, of course, then would lie only on compliance with the regulating statute. Section 4742 of the Civil Code provides that "Where the sum claimed exceeds fifty dollars, the law of appeals from the justice court to the superior court shall be the same as contained in this code." Section 4738 provides: "Either party being dissatisfied with the judgment of the justice of the peace or notary public, and upon all confessions of judgment, provided the amount claimed in said suit is over fifty dollars, may, as a matter of right, enter an appeal from said judgment, within four days (exclusive of Sundays) after the rendition of such judgment, under the same rules, regulations, restrictions, and liabilities as are provided on the subject of appeals." Section 4998 says: "In all cases tried and determined by a county judge, or a justice of the peace, or a notary public who is ex-officio a justice of the peace, and on all confessions of judgments before either of said officers, where the sum or property claimed is more than fifty dollars, either party may, as a matter of right, enter an appeal to the superior court."

From a reading of the foregoing sections it will be seen that to authorize an appeal from the judgment of a justice of the peace to the superior court, an essential requisite is that the sum or property claimed in the case shall be for an amount above fifty dollars. See also *Toole* v. *Edmondson,* 104 *Ga.* 776, 783 (31 S. E. 25), where Justice Cobb laid down rules regulating the right of appeal and certiorari. In a justice's court this question of the amount involved in a suit, and the nature and character of a suit, must be determined by the summons and the cause of action thereto attached. *Singer Mfg. Co.* v. *Martin,* 75 *Ga.* 570; *Bell* v. *Davis,* 93 *Ga.* 233 (18 S. E. 647), and cases cited. Hence, if no amount is claimed (as appears from the summons and the petition thereto attached in the present case), or, if claimed, is under fifty dollars, no appeal to the superior court will lie. The summons in the present case directs that the defendants "show cause, if any they have, why the prayers of the foregoing and attached petition should not be granted." The prayers of the petition (as set forth in the

statement of facts in this opinion) are for the establishment of copies of certain named papers, and for the amendment nunc pro tunc of one of them.

It is contended, however, that as the copy of the judgment which the petition seeks to establish shows that the judgment is for $45 principal, $9.36 interest, and $4.50 attorney's fees, aggregating $58.86, the present proceeding is a claim involving an amount above $50, and therefore an appeal to the superior court will lie. This was a proceeding under section 5312 of the Civil Code (*Eagle Mfg. Co.* v. *Bradford,* 57 *Ga.* 249; *Bell* v. *Bowdoin,* 109 *Ga.* 209, 34 S. E. 339), except that notice was given to the adverse parties to the suit pending in the superior court,— a method of procedure approved by the Supreme Court in the case of *Cleghorn* v. *Johnson,* 69 *Ga.* 369, 372. See, also, *Wimberly* v. *Mansfield,* 70 *Ga.* 783, 785, *Cosnahan* v. *Rowland,* 99 *Ga.* 285 (25 S. E. 647), and *Selph* v. *Selph,* 136 *Ga.* 740 (72 S. E. 31), where the copies which the movants sought to establish were to be used in separate actions then pending. The purpose of this proceeding was to establish copies of office papers in a former suit (Civil Code, § 5313), to be used by the movant in a case pending in the superior court. Only in cases of this character, or where it is sought to establish the copies for the purpose of completing the records of file, will a court establish copies of papers belonging to a case which has been disposed of. If it were not for the pending suit filed in the superior court by the heirs at law of W. P. Humphrey against the movant, this proceeding to establish copies would not have been instituted. The mere fact that the face of the judgment, a copy of which it is sought to establish, sets forth items aggregating an amount above $50 does not alter the nature and character of the proceeding. These are allegations of description, and not of jurisdiction. The several items appearing on the face of a judgment are marks of identity of the judgment, without which a description would be difficult and merely general; for, aside from the amounts recovered in a judgment, especially where the terms "defendant" and "plaintiff" are used, there remains no mark of identity differentiating it from other documents of like character, the formalities of judgments being common to all. The payment of $58.86 to the parties to whom the summons was directed would not answer the demand of the summons; nor would the payment of any other

sum do so. The loss of the papers is the complaint, and the establishment of copies of the same, as prayed for in the petition and referred to in the summons, is the only remedy that will meet this demand. The proceeding being such as does not involve a claim for a sum or property above $50, an appeal to the superior court from the judgment of the justice of the peace is not allowable. Therefore the motion to dismiss the appeal should have been sustained. There is, however, provided in the code a method of review in the superior court of judgments of justices of the peace and other inferior judicatories; and that is by certiorari. See §§ 6514, 4748, 4849 (4), 5180.

*Judgment on cross-bill of exceptions reversed; main bill dismissed.*