## BEALL *v.* PATTERSON *et al.*

1. Upon the loss of any original pleading or official paper, a copy may be established instanter on motion, and the court may suspend the trial for this purpose. Where a motion is made to establish a lost paper and the opposite party files a written traverse, denying the existence of the alleged lost original, it is error to refuse that party the right to offer competent evidence in support of his traverse.

2. A distress warrant, based upon a rent note payable to the order of the landlord, and indorsed by him in blank, may be sued out by the holder of the note in his own name, by virtue of the provisions of the Civil Code (1910), §§ 3345, 3346, 3347.

DECEMBER 12, 1916.

Distraint. Before Judge Fite. Gordon superior court. November 24, 1915.

*George A. Coffee* and *A. L. Henson,* for plaintiff.

*Starr & Paschall,* for defendants.

EVANS, P. J. 1. L. E. Beall foreclosed a distress warrant against John T. Patterson and C. W. Patterson, which was levied upon the property of the defendants. The bill of exceptions recites that the "levy and proceedings were arrested by the defendants, who denied that they owed said sum or any part thereof. The distress warrant, together with the levy, &c., were filed in the clerk's office of Gordon superior court and docketed as No. 35 to the November, 1914, term of said court." When the case was called in its order the counter-affidavit and replevy bond could not be found, and the defendants' counsel presented alleged substantial copies of them, and moved that the copies thus presented be established in lieu of the lost originals. The plaintiff tendered a traverse under oath, denying that any answer or counter-affidavit or replevy bond had ever been filed by the defendants or either of them. The court allowed defendants' counsel to testify that the paper presented was a substantial copy of the originals which had been duly filed, but refused to permit the plaintiff to offer evidence to show that the papers had never been filed, "saying that, it ap-

pearing from the note sued on that the relation of landlord did not exist, it is unnecessary to hear any proof as to the alleged lost papers." Exception is taken to this ruling. The statute provides that upon the loss of any original pleading or office paper a copy may be established instanter on motion. Civil Code of 1910, § 5312. The court may suspend the trial and allow a copy of the lost pleading to be established. *Freeman* v. *Coleman,* 88 *Ga.* 421 (14 S. E. 551). If there is any contest over the existence of the alleged lost originals or a controversy whether the copies proposed to be established in lieu of the lost originals are substantial copies, it is the duty of the court to settle that issue of fact. The trial can not proceed over objection without the presence of the necessary office papers or the established copies. *Morris* v. *Ogle,* 56 *Ga.* 592. It was error for the court to deny the plaintiff a right to be heard upon the issue made by his traverse. It is a fundamental principle in legal procedure that a judgment should never be rendered against a party who controverts the basal fact on which the judgment must rest, without giving him an opportunity to be heard.

2. After the court had passed the order establishing the proffered copy in lieu of the alleged lost originals, the defendants' counsel moved to dismiss the plaintiff's case, because the same was brought in the name of L. E. Beall, and it appeared that the rent note given by the defendants was payable to the order of W. L. Beall and by him was indorsed in blank without any special transfer of the lien for rent, and that such indorsement was not sufficient to transfer the lien for rent to L. E. Beall. The court announced that he would sustain the motion to dismiss; whereupon the plaintiff's counsel tendered an amendment so as to allow the suit to proceed in the name of David Johnson, administrator of the estate of W. L. Beall, for the use of L. E. Beall. The court disallowed the amendment and sustained the motion to dismiss. Prior to the act of 1899 the transfer of a rent note payable to the order of the landlord, by simple indorsement, was ineffectual to assign the landlord's lien for rent. *Lathrop* v. *Clewis,* 63 *Ga.* 282. But by the terms of that act as codified in the Civil Code (1910), § 3345, all transfers and assignments of rent notes or mortgage notes, secured either by contract lien, or out of which a lien springs by operation of law, shall be sufficiently technical and valid where such transfer

or assignment plainly seeks to pass the title to any of such papers in writing from one person to another. It is further provided, in §§ 3346 and 3347, that upon all such transfers or assignments of any such rent note or mortgage note such transfer or assignment shall carry, together with the title thereof, to such transferee or assignee also the lien connected with the same, without naming or specially transferring the lien, so that the effect of such transfer or assignment will be to completely and fully carry the lien as a necessary incident thereof; and that the person to whom the same may be transferred or assigned may, without more, have full power and authority to foreclose the same in his own name. In *Setz* v. *First National Bank of Pensacola,* 140 *Ga.* 603 (79 S. E. 540), these code sections were construed. In that case a mortgage note was payable to the mortgagee or order, and was indorsed by the mortgagee in blank. The holder of the mortgage note foreclosed the mortgage in his own name; and it was held that "the simple indorsement of the name of the payee in a mortgage note payable to order, on the back thereof, gives the holder for value the right to foreclose the mortgage in his own name." The act of 1899 is applicable alike to notes secured by contract lien and to notes from which a lien springs by operation of law. There is no doubt that a landlord who takes a note for his rent may foreclose a distress warrant; and if the note be payable to his order, under the construction placed on the code section in the cited case, his assignee may foreclose a distress warrant in his own name. Inasmuch as the distress warrant could be prosecuted by the plaintiff in his own name, the amendment was unnecessary.

*Judgment reversed. All the Justices concur.*