24998. SOUTHERN FERTILIZER & CHEMICAL CO. v. KIRBY.

STEPHENS, J.  1. Copies of lost papers belonging to or pertaining to a suit pending in court may be established instanter on motion; and it is not indispensably essential to the validity of an order of court establishing lost papers that a formal rule nisi should issue, or that the opposite party should be served with notice of the proceeding.  *Gray* v. *McNeal,* 12 *Ga.* 424 (7); *Watson* v. *Hemphill,* 99 *Ga.* 121 (25 S. E. 262); Code of 1933, §§ 63-201, 63-301.

2. In the absence of the issuance of a rule nisi or perfection of service of a motion or petition to establish lost papers,. the papers which are estaLlished in response to the motion are presumably correct.  *Morris* v. *Ogle,* 56 *Ga.* 592 (3).  Where copies of an affidavit and bond for garnishment and the summons of garnishment have been established instanter by an order of court on motion by the plaintiff, and in the absence of any service upon the garnishee of the motion or of any rule nisi, a judgment afterward rendered against the garnishee who was in default of an answer is not illegal and void and subject to be set aside on motion in arrest on the ground that no rule nisi was issued on the petition or motion to establish the papers, or that no service of the petition or motion to establish the papers was made upon the defendant in the main case or upon the garnishee.

3. Where the judgment establishing the lost papers was rendered in the municipal court of Augusta in a case which had originated in a justice's court of Richmond County, and which, under the act approved August 28, 1931 (Ga. L. 1931, pp. 270, 283, § 34), was transferable to the municipal court of Augusta; a judgment afterwards rendered in the municipal court against the garnishee on his default in answering the summons of garnishment was not illegal and void and subject to be set aside as void on motion in arrest on the ground that the papers had been lost while the case was pending in the justice's court, and before the establishment by the municipal court, and therefore that the municipal court had no jurisdiction to establish the papers, where no attack upon the validity of the order establishing the papers in the municipal court was made by the garnishee on the ground that the papers could not legally have been established in the municipal court.

4. Where a case is docketed by a justice of the peace as the case of a named plaintiff against a named defendant and against "garnishee C. H. Kirby," the further entry, "Served summons of garnishment issued upon Mr. Kirby," which appears to be dated and signed by the constable, must necessarily be construed as an entry of service of summons of garnishment on the garnishee named, "C. H. Kirby."  Code of 1933, § 24-601 (6); (Code of 1910, § 4679, par. 6).

5. Where the garnishee moved to arrest the judgment on the ground that it was void for lack of service of the proceeding to establish the affidavit and bond for garnishment and of the summons of garnishment, and the validity of the order establishing the lost papers was not attacked on any ground, and where the garnishee also moved to arrest the judgment against him on the ground that it was illegal and void because the summons of garnishment had not been served on him, and it appeared without contradiction, from the evidence adduced upon the

hearing, which consisted of an entry of service on the docket of the justice's court and from the testimony of the constable which was unexcepted to, that summons of garnishment was served on the garnishee and that he had failed to answer the summons, the judgment finding in favor of the garnishee, and ordering the judgment against him arrested and set aside, was without evidence to support it and was contrary to law.

6. The superior court erred in overruling the certiorari.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 25, 1936.

*Starkey S. Flythe, William K. Miller,* for plaintiff.
*Lester & Whatley,* for defendant.