32912, 32920.  SALTER *v.* SALTER; and *vice versa.*

Decided June 7, 1950.  Rehearing denied July 7, 1950.

*Charles Burgamy, R. L. Maynard,* for plaintiff.

*H. L. Jackson, Fort & Fort, S. H. Dykes,* for defendant.

WORRILL, J. (After stating the foregoing facts.) ▇ Error is assigned on the admission in evidence of the decree dated June 29, 1942 upon the grounds: 1. It was irrelevant and immaterial to any issue in the case, the only issue being tenancy or no tenancy, and title not being involved. 2. It allowed the tenant to dispute the title of the landlord without first surrendering possession. 3. It was not accompanied by the entire record in the case, since the brief of evidence and the charge of the court were not put in evidence. 4. The decree was ambiguous and inconsistent, it being shown that the jury found that the defendant was liable to the plaintiff for rent in the sum of $240 and the court held that the title and right of possession were in A. B. Salter, and the decree could not be construed, whereas it should have conformed to the verdict of the jury which necessarily found that the defendant A. B. Salter was the tenant of Mrs. Josephine Salter.

It is the general rule that a tenant may not dispute the title of his landlord without first surrendering possession. Code, § 61-107; *Grizzard* v. *Roberts,* 110 *Ga.* 41 (2) (35 S. E. 291); *Johnson* v. *Thrower,* 117 *Ga.* 1007 (3) (44 S. E. 846); *Consolidated Realty Inv. Inc.* v. *Gasque,* 203 *Ga.* 790, 799 (48 S. E. 2d, 510). The rule is otherwise where "a transmission of title from the landlord ensues by operation of law or under legal process, as where the landlord dies or the land is levied on and sold under execution against him. In such cases the tenant's attornment to the person acquiring his landlord's right is perfectly consistent with the maxim that the tenant cannot dispute his landlord's title." Powell on Actions for Land, p. 435, § 369. See also *Raines* v. *Hindman,* 136 *Ga.* 450 (71 S. E. 738); *Hines* v. *Lavant,* 158 *Ga.* 336 (3, 3-a) (123 S. E. 611). It is shown by the established pleadings which were before the court and jury that in the case in which the decree of June 29, 1942, was entered Mrs. Josephine Salter on July 15, 1940, brought dispossessory proceedings against A. B. Salter, and that he filed a petition in

the Superior Court of Sumter County setting up that he had acquired title to the property in dispute by a quitclaim deed from Mrs. W. R. Drane, the widow and sole heir of her deceased husband, W. R. Drane, who purchased the property at a tax sale, that he had served notice on Mrs. Josephine Salter on October 21, 1939, that her right to redeem the property would be foreclosed within 45 days from the date of notice and that she did not redeem, and that the title in him became absolute on December 6, 1939. He prayed, among other things, that the title be decreed to be in him absolutely. A clear-cut issue was thus made as to whether or not A. B. Salter acquired title on December 6, 1939, though he may have been a tenant theretofore and the decree of the court established that he had become the title holder through a tax sale, thereby enabling him to dispute the title of one under whom he had originally entered into possession.

The objections that the decree was inadmissible because not accompanied with the brief of the evidence and the charge of the court and it was ambiguous and inconsistent are also without merit. It was correctly held by this court on its former appearance that "it was therefore error for the court to allow in evidence the copy of the decree of June, 1942, without the record on which it was based." On the last trial this requirement was fully met. The petition and the answer established by petition to the court clearly showed the issues which were finally adjudicated by the decree, to determine which the brief of the evidence and the charge of the court were wholly unnecessary. By reading these pleadings in connection with the decree it can readily be ascertained that the court found as a matter of law that title became vested absolutely in A. B. Salter on December 6, 1939, subject to a described security deed, but that prior to such date he was a tenant of Mrs. Josephine Salter. The question of the amount of rent was not determined by the court but was referred to a jury and a verdict was returned in the sum of $240. The decree is not, as contended by the plaintiff in error, one which is illegal in not conforming to the verdict of the jury. It is one in which the finding of the court as to title and the finding of the jury, under the pleadings, are entirely consistent.

■ Error is assigned on the admission in evidence of the

record of the proceedings to establish the lost pleadings, making issues on which the decree of June 29, 1942, was based, the ground of objection being that the plaintiff in error, Mrs. Josephine Salter, was not served with notice of the proceedings. It is provided by the Code, § 63-201, that "Upon the loss of any original petition, answer, declaration, plea, bill of indictment, special presentment, or other office paper, a copy may be established instanter on motion." See also *Saunders* v. *Smith*, 3 *Ga.* 121 (7); *Eagle & Phenix Mfg. Co.* v. *Bradford*, 57 *Ga.* 249 (1); *Beall* v. *Patterson*, 146 *Ga.* 233 (1) (91 S. E. 71); *Southern Fertilizer & Chemical Co.* v. *Kirby*, 52 *Ga. App.* 688 (1) (184 S. E. 363). The established pleadings were such as had been filed in the court in which the decree of June 29, 1942, was rendered and were certified by the clerk as being in accordance with the writ record. Aside from this they are presumed to be correct when established on motion. *Morris* v. *Ogle*, 56 *Ga.* 592 (3); *Southern Fertilizer and Chemical Co.* v. *Kirby*, supra. They were not papers which were established in a different court and then sought to be availed of in the trial court here. Therefore, the principle that notice to the opposite party is necessary where an application to establish a lost paper, which is in connection with a muniment of title, is made in another court than that wherein such muniment of title is to be used is not applicable here. For such cases see *Cleghorn* v. *Johnson*, 69 *Ga.* 369; *Wimberly* v. *Mansfield*, 70 *Ga.* 783 (2); *Cosnahan* v. *Rowland*, 99 *Ga.* 285 (25 S. E. 647); *Allen* v. *Lindsey*, 113 *Ga.* 521 (38 S. E. 975); *Selph* v. *Selph*, 136 *Ga.* 740 (1) (72 S. E. 31).

Error is assigned upon the failure of the court to rule upon the written motion of the plaintiff in error to amend and reform the decree of June 29, 1942, to make it conform to the verdict of the jury for $240 rent to be paid to Mrs. Josephine Salter. In addition to the fact that it does not appear that the motion was insisted upon, the failure of the court to rule upon it was not harmful error, since, as we have shown hereinabove, the decree was appropriate to the issues in the case and was not ambiguous or inconsistent. In connection with the pleadings it affords a ready construction that title was decreed in A. B. Salter as of December 6, 1939, prior to which time he was a tenant of Mrs. Josephine Salter and owed rent in the sum of $240. This

decree was not appealed from, so far as the record shows, and was a final adjudication that the title was in A. B. Salter, subject to a deed to secure debt as therein mentioned.

■ Error is assigned on the refusal of the court to exclude the decree of June 29, 1942, on the ground that A. B. Salter's title was based on an illegal sale in connection with which certain documentary evidence was introduced, it being asserted that proper legal notice of the sale was not given, that the taxes on account of the alleged non-payment of which the sale was made had in fact been paid, and that tender to redeem the property was made to the grantor in the quitclaim deed to A. B. Salter before its execution. These are all matters which were urged or could have been urged in the proceeding in which the decree was rendered, and it not having been appealed from the question of title has been finally and conclusively adjudicated. By the act of 1949 (Ga. L. 1949, p. 1132) it is provided in section 2-A that "Any tax deed regularly executed at a valid and legal sale held by the State or any subdivision thereof, including counties and municipalities, when the defendant in fi. fa. is sui juris, shall after the expiration of seven years from the date of said tax deed convey fee simple title and title to the property described in said tax deed shall vest absolutely in the grantee therein or his heirs or assigns. In the event the defendant in fi. fa. is laboring under any legal disability, then the prescriptive term of seven years shall begin from the time the said disabilities are removed or abate." In section 2-B it is provided: "That any title under any tax deed that has been executed for seven years prior to the passage of this Act and approved thereof by the Governor shall be deemed to have ripened by prescription, provided, that the defendant in fi. fa. under which any property has been sold, or his assigns, or any person having any right, title or interest in or lien upon said property, may have twelve months from the date of the approval of this Act by the Governor to redeem any property that he may have had a right to redeem under the Act of the General Assembly of Georgia, as contained in the Georgia Laws 1937, pages 491 to 496 inclusive, on the date of the approval of this Act, by the Governor and if no such proceedings have been commenced within twelve months from the date of approval of this Act by the Governor then all

874

rights of all persons to redeem said property shall be forever barred." This act was approved on February 25, 1949. The plaintiff in error refers to the provision that the defendant in fi. fa. may, under the circumstances stated, have twelve months from the date of the approval of the act by the Governor in which to redeem property sold under a tax deed, and that as the date of approval was February 25, 1949, she had until February 25, 1950, to redeem the property in question. It is shown by the record, however, that on October 21, 1939, she was afforded an opportunity to redeem when she was notified, in accordance with the Code (Ann.), § 92-8306, that her right to redeem would be foreclosed in 45 days thereafter, but that she did not redeem, and that her right to redeem became foreclosed on December 6, 1939. Hence, she does not now stand as one who "had a right to redeem under the Act of the General Assembly of Georgia, as contained in the Georgia Laws 1937, pages 491 to 496 inclusive, on the date of the approval of this Act," and who might redeem within twelve months from February 25, 1949, under the act of 1949, supra.

Because of what is said above the direction of the verdict in favor of the defendant was fully authorized, and the assignment of error in this respect is without merit.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. Sutton, C.J., and Felton, J., concur.*