SALTER *v.* HEYS, administrator, *et al.*

No. 17353. FEBRUARY 14, 1951.

R. L. *Maynard* and *Charles Burgamy*, for plaintiff.

H. B. *Williams* and *Fort & Fort*, for defendant.

ALMAND, Justice. ■ The defendant in error, S. R. Heys, as administrator of the estate of Arthur B. Salter, has filed a motion to dismiss the writ of error because Mrs. Arthur B. Salter and Harry Kent Salter, heirs at law of Arthur B. Salter, are not parties to the writ of error; and the defendants in error being only nominal parties and having no substantial interest in the subject-matter of the litigation, a decision in this case would settle nothing as to the absent parties. The record shows that Mrs. Arthur B. Salter and Harry Kent Salter, though originally parties to this suit, were stricken from the case by the plaintiff before the court entered its order sustaining the plea of res adjudicata and dismissing the case.

Though a person may be interested in the subject-matter of a suit in the trial court, which renders a judgment favorable to his interest, he is not a necessary party defendant to a writ of error to this court which assigns error on such judgment, where such interested person was not a party to the suit in the trial court at the time the judgment complained of was entered. *Denny* v. *Commercial Credit Co.*, 157 *Ga.* 702 (1) (121 S. E. 832). The two defendants named, having been stricken, could not properly be made parties to the writ of error. *Adams* v. *Georgia Ry. & Electric Co.*, 142 *Ga.* 497 (83 S. E. 131). The judgment complained of is the order sustaining the plea of res adjudicata filed by the administrator. The interest of the administrator of the estate of Arthur B. Salter, in upholding the judgment in his favor, is not that of a nominal party defendant. The motion to dismiss is denied.

■ A plea of res adjudicata, as against a general demurrer, is sufficient where it alleges that the same issues have been actually litigated and determined in a prior action between the same parties or their privies. *Phillips* v. *Hightower*, 190 *Ga.* 785 (2) (10 S. E. 2d, 854); *Carten* v. *Loveless*, 192 *Ga.* 715 (16 S. E. 2d, 711). Such plea, being in the nature of a plea in bar and not a dilatory plea, need not be filed at the first term or on the appearance day of the case (*Hill* v. *Cox*, 151 *Ga.* 599, 107 S. E. 850); and the fact that the plea was set up by way of amendment to an answer and not by a separate and independent plead-

ing does not render it subject to objection. It is not required that all the parties on the respective sides of litigation of the two cases must have been the same, but it is sufficient, as to the identity of the parties, if those by and against whom the defense of res adjudicata is invoked in the later case were real parties at interest or privies to them as to the controversy in the former case. *Crider* v. *Harris*, 183 *Ga.* 695 (189 S. E. 519); *Mitchell* v. *Turner*, 190 *Ga.* 485 (9 S. E. 2d, 621); *Darling Stores Corp.* v. *Beatus*, 199 *Ga.* 215 (3) (33 S. E. 2d, 701). It is not a valid objection to the allowance of an amendment setting up a plea of res adjudicata that a portion of the judgment sought to be pleaded as a bar in the present action is void because of fraud, and because the plaintiff in the current action is seeking to set aside a portion of such decree, where the record and judgment pleaded do not show on their faces that the judgment is void by reason of fraud. This would be a matter of defense on the trial of the plea, but is not a good ground of objection as to the allowance of the plea.

In the former litigation, A. B. Salter, whose estate is now represented by S. R. Heys as administrator, filed an equitable petition against Mrs. Josephine Salter, the Sheriff of Sumter County, and another party, in which action he sought to enjoin Mrs. Salter from further prosecuting a dispossessory-warrant proceeding against A. B. Salter, the premises being the same as those involved in the present litigation. The plaintiff in the former suit sought to have the title to the property decreed in him. Mrs. Josephine Salter in her answer prayed that a deed from Mrs. Drane to Arthur B. Salter be declared void; that the right of possession, use and enjoyment of the premises in dispute be decreed to be in her; and that she have judgment in a named sum as rent. The decree attached to the plea in the present case recites, "Under the undisputed testimony, that the title to the premises hereinafter described, together with the possession thereof was in the plaintiff," only the question of rent, if any, due the plaintiff, being submitted to the jury. On the verdict finding a specific amount of rent due Mrs. Salter, the court entered a decree declaring the title to the premises in dispute to be in the plaintiff, A. B. Salter. It is thus seen that the property involved and the issues are the same in both cases.

The issue of the claim of title by A. B. Salter and by Mrs. Josephine Salter was the same in both cases, and substantially the parties were the same, S. R. Heys, the administrator, being in privity with A. B. Salter.

The objections of the plaintiff to the allowance of the plea of res adjudicata—on the grounds (a) it was not filed in time; (b) it could not be filed as an amendment to an answer; (c) it did not set up a valid defense; (d) it was not binding because between different parties; (e) the judgment was procured by fraud; (f) the court did not have jurisdiction of the subject-matter; and (g) the record shows that the issue of title was not submitted to the jury, and the court had no authority to render a judgment as to title—were properly overruled. See *Phillips* v. *Hightower*, 190 *Ga.* 785 (supra); *Anderson* v. *Black*, 199 *Ga.* 59 (33 S. E. 2d, 298, 158 A. L. R. 354).

■ One of the errors assigned on the judgment sustaining the plea of res adjudicata is that the plea raised an issue of fact, and that the court had no power or authority to dispose of the plea without hearing evidence in support of the plea. It was recited in the bill of exceptions that the trial judge sustained the plea and dismissed the plaintiff's cause of action without any evidence being offered by either party. This point is controlled by the ruling in *Glaze* v. *Bogle*, 105 *Ga.* 295 (31 S. E. 169), where this court said: "The court, when the plea of res adjudicata was read, without any evidence having been introduced, directed the jury to sustain the plea by finding a verdict for the defendants. We think this was error. This plea should have been proved just as any other. While it was true that the judgment pleaded was alleged to have been rendered by the same court, upon the same cause of action, and that this judgment was on the records of the court, still we think that the burden was on the defendant to show the truth of the plea, and that the court could not, without proof, take such judicial cognizance of its records as to direct a verdict in this case. When such a plea is filed, the defendant assumes the burden and must show its truth to the court and jury. There is nothing in the record to show any admission by the plaintiff of the truth of the plea, and the judgment set up, not being rendered in the same case, could not be judicially recognized by the court without proof."

596

In the brief of counsel for the defendants we are requested to examine the cases of *Salter* v. *Salter,* 80 *Ga. App.* 263 (55 S. E. 2d, 868), and *Salter* v. *Salter,* 81 *Ga. App.* 864 (60 S. E. 2d, 424); and it is stated that by so doing we will find that they conclusively show that the judgment sustaining the plea was correct. Physically we can take cognizance of these cases, but judicially we cannot take notice of them any more than the trial court could, in the absence of judicial proof, take notice of the judgment in another case between the parties in the same court. *Carten* v. *Loveless,* 192 *Ga.* 715 supra, (1). We are not now passing upon the sufficiency or insufficiency of the proof in support of the plea, but simply rule that the trial court had no authority to sustain the plea of res adjudicata on the basis of the pleaded record of the former suit, in the absence of uncontradicted proof of the truth of the pleaded facts.

*Judgment affirmed in part and reversed in part. All the Justices concur.*